

# In the Missouri Court of Appeals
## Eastern District
**DIVISION TWO**

| | | |
|---|---|---|
| IN RE THE MARRIAGE OF: | ) | No. ED100215 |
| TRACEY MARIE STEINBERG, | ) | |
| | ) | Appeal from the Circuit Court |
| Appellant, | ) | of Franklin County |
| | ) | |
| vs. | ) | Honorable David B. Tobben |
| | ) | |
| MICHAEL FRANK STEINBERG, | ) | |
| | ) | |
| Respondent. | ) | Filed: May 6, 2014 |

The mother, Tracey Steinberg, appeals the judgment entered by the Circuit Court of Franklin County modifying the court's 2009 judgment dissolving the marriage of the mother and the father, Michael Steinberg. Because the trial court's findings of fact are either deficient or inconsistent with the evidence, and because the Form 14 on which the trial court relied to determine the mother's child-support obligation is neither attached to the judgment nor available to be made a part of the record before this Court, we cannot review the judgment. Therefore, we reverse the trial court's judgment and remand for more specific findings of fact and for reconsideration and correction of the judgment to conform to the evidence.

The parties' marriage was dissolved in 2009. At that time, the trial court granted the parties joint legal and physical custody of the parties' two children, and ordered the father to pay child support and maintenance to the mother. Both children now reside full-time with the father.

The father filed a motion to modify in 2012, seeking sole legal and physical custody of both children, child support from the mother, and termination of his child-support obligation. The children were ages 17 and 13 at the time of the modification judgment. At trial, the father testified on direct examination that he earns $6,194 per month, a figure based on the average of his income for the last three years, and listed on his Form 14, admitted into evidence as Exhibit A. Under cross-examination, the father testified that he earns $29.13 per hour, and that he works five to ten hours of overtime each week for which he is paid time and one-half. Based on these figures, the father's monthly income would total significantly more than $6,194. The trial court found that the father earns $78,658.40 per year, which equals $6,554.87 per month.

As revealed in testimony, the father's Exhibit A listed the mother's monthly income as $1,675. The father explained that he reached this figure for the mother's income by adding $710 per month in social-security disability benefits, $500 in maintenance, and an average of the mother's monthly earnings in 2009 and 2010, prior to her becoming disabled, which according to the father's figures would have been $333.33 per month. We note that these amounts do not equal $1,675, however, but rather only $1,543.33.

The mother testified that she has been unable to work since June 2011 because of illness. She testified that she receives $735 per month in social-security disability benefits while the court found her disability benefits to be $710 per month. The mother testified that her only other income was $500 per month in maintenance awarded in the original dissolution judgment. The trial court found that the mother was "capable of earning additional monies to assist in the support of the minor children," but the

2

judgment is silent as to how much additional monthly income the court imputed to the mother or what evidence it relied upon.

The trial court modified the parties' dissolution judgment in 2013. The court awarded sole legal and physical custody of both children to the father. The court ordered the mother to pay $306 per month for the support of both children "in accordance with [the father's] Form 14 [c]alculation," and ordered the father to continue to pay $500 per month in maintenance. While the trial court relied on the father's Form 14, submitted as Exhibit A at trial and referenced it in the judgment, the trial court did not attach a Form 14 to its judgment. Furthermore, the trial court found that the father earned more than the amount set forth in his Form 14. In addition, the court ordered that the father's $500 monthly maintenance obligation be offset by the mother's $306 monthly child-support obligation. In other words, the father might deduct the $306 the mother owes in monthly child support from the $500 per month that the father owes the mother in monthly maintenance. Thus, the court ordered, the father need pay the mother only the remainder of $194 per month in maintenance.

The mother appeals. The father has not favored us with a brief. The record before us does not contain a copy of the father's Form 14, Exhibit A. At oral argument, at which the father's counsel did not appear, the mother's counsel stated that the trial court file does not contain a copy of Exhibit A. The mother's counsel believed that the father's counsel had the exhibit, but that he had repeatedly failed to respond to the requests of the mother's counsel to provide a copy to her. This Court ordered the father's counsel to file a copy of Exhibit A with this Court by a specified date, but the father's counsel failed to respond.

In four points on appeal, the mother challenges the trial court's child-support determination, the lack of step-down language in the judgment regarding the amount of child support payable for one child as opposed to two children, and the court's offset of the father's monthly maintenance obligation by the amount of the mother's monthly child-support amount. At least two of the mother's points on appeal require our consideration of the figures contained in the father's Form 14, submitted as Exhibit A at trial and referenced in the judgment.

Rule 81.12(a) states that "[t]he record on appeal shall contain all of the record, proceedings and evidence necessary to the determination of all questions to be presented, by either appellant or respondent, to the appellate court for decision." Rule 81.12(e) states that "[a]ppellant is responsible for depositing all exhibits that are necessary for the determination of any point relied on." As the appellant challenging the trial court's child-support determination based, purportedly, on the father's Form 14 submitted at trial, the mother has a duty pursuant to Rule 81.12(a) to provide this Court with a full and complete record of all proceedings and evidence necessary to make a determination of all questions presented on appeal. *Wallace v. Wallace*, 269 S.W.3d 469, 478 (Mo. App. E.D. 2008).

The record, however, reveals that the father's counsel did not have a copy of his Exhibit A to provide to the mother's counsel at trial. According to the mother's current counsel, the father's Form 14 is missing from the trial court file, and the father's counsel has the only copy of the exhibit. The mother's counsel asserts that the father's counsel has failed to respond to repeated requests to provide a copy. The father's counsel has

4

failed to comply with this Court's order to file the exhibit for the record.[1]  We have no reason to believe that the mother has failed to exercise due diligence in attempting to assemble a complete record on appeal or that she is responsible for the deficiencies in the record.

When a party is free from fault or negligence, has exercised due diligence in seeking to prepare the record on appeal, and her right of appeal is prejudiced because a transcript of the proceedings in the trial court cannot be prepared, this Court should grant a new trial.  *Jackson v. Dir. of Revenue*, 60 S.W.3d 707, 708 (Mo. App. S.D. 2001).  When the record on appeal is inadequate through no fault of the parties, the proper remedy is to reverse and remand the case to the trial court.  *Goodman v. Goodman*, 165 S.W.3d 499, 501 (Mo. App. E.D. 2005).

Under these circumstances, we decline to hold the mother responsible for the father's missing Form 14.  In the absence of the Form 14, the trial court's findings are deficient and we cannot review the merits of the judgment.  Because the findings of fact contained in the trial court's judgment are either inconsistent with the evidence adduced at trial or are deficient, we reverse the trial court's judgment.  Upon remand, the trial court may, in its discretion, receive further evidence.  The trial court shall render more specific findings of fact and shall render judgment that conforms to the evidence.

Because we must reverse and remand to the trial court, which upon reconsideration may arrive at different child-support figures, we decline to consider the mother's remaining points on appeal, which shall be considered by the trial court in composing a new judgment.

---

[1] Curiously, the day before oral argument, the father's counsel filed a "motion for remand," requesting that this Court remand the case to the trial court "for determination of the issues raised by [the mother] on appeal regarding child support."  We deny said motion.

5

_Lawrence E. Mooney_
LAWRENCE E. MOONEY, PRESIDING JUDGE

ROBERT G. DOWD, JR., J.,
SHERRI B. SULLIVAN, J., concur.