

# In the Missouri Court of Appeals
# Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| MICHAEL FORD, | ) | No. ED104038 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Michael K. Mullen |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | FILED: January 31, 2017 |

Michael Ford ("Movant") appeals from the motion court's judgment denying his post-conviction relief motion pursuant to Rule 29.15 without an evidentiary hearing. Following a jury trial, Movant was convicted of murder in the first degree, in violation of Section 565.020 (RSMo. 2000), and armed criminal action, in violation of Section 571.015 (RSMo. 2000). Movant was sentenced to life without the possibility of probation or parole and a second concurrent term of life. We reverse and remand.

## I. Background

Following his conviction of first-degree murder and armed criminal action, Movant filed a *pro se* motion for post-conviction relief on May 11, 2015. Movant's appointed counsel ("Counsel") then made an entry of appearance on May 20, 2015, and requested an additional 30 days to file the amended motion, which was granted. On August 18, 2015, Counsel filed

Movant's amended motion 90 days after his entry of appearance. However, there is no mention in the record regarding the date of Counsel's appointment.

## II.  Discussion

In Movant's sole point on appeal, he argues that the motion court clearly erred in denying his post-conviction motion without an evidentiary hearing because Movant properly alleged facts demonstrating that Movant was entitled to relief in that he was denied his rights to due process of law, effective assistance of counsel, and a fair trial, in violation of his constitutional rights under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, §§ 10, 18(a), and 19 of the Missouri Constitution when his trial counsel was ineffective for failing to object to the admission of Exhibits 18, 19, and 20 and Emily Blackburn's ("Blackburn") testimony inferring cellular telephone records of a codefendant's cellular telephone identified movant's specific location. Movant further argues that this information is a subject for an expert witness, the prosecution did not qualify Blackburn as an expert, and Movant was prejudiced by Counsel's failure to object because there was a reasonable probability that the outcome of the trial would have been different if Blackburn's testimony was excluded. However, we cannot review the merits of this appeal because the record does not include reference to Counsel's date of appointment, which is necessary for determining the timeliness of Movant's amended motion.

A.  Abandonment by Counsel

Rule 29.15(g) outlines the procedural requirements of an amended motion following a directed appeal:

> If an appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion shall be filed within 60 days of the earlier of the date both the mandate of the appellate court is issued and:  (1) Counsel is appointed or (2) An entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant.  The court may extend the time for filing the amended motion for one additional period not to exceed 30 days.

2

If an amended motion is filed beyond this deadline by counsel appointed to an indigent movant, "the motion court has a duty to undertake an 'independent inquiry . . .' to determine if abandonment occurred." Moore v. State, 458 S.W.3d 822, 824 (Mo. Banc 2015). The burden then shifts to the movant to demonstrate that the untimely filed amended motion was the result of appointed counsel's failure to comply with Rule 29.15, rather than the movant's own negligence or intentional conduct. Sanders v. State, 807 S.W.2d 493, 495 (Mo. banc 2014). If the motion court finds the untimely amended motion was merely caused by the inattention of Movant's abandoned counsel, the late filing must be permitted. Id.

Pursuant Rule 29.15(g), the 60-day filing period begins with the earlier of two procedural events: (1) appointment of counsel or (2) entry of appearance by any counsel on behalf of the movant. Here, though the record notes Counsel's entry of appearance (and granted request for a 30-day filing extension) on May 20, 2015, and the filing of Movant's amended motion 90 days later on August 18, 2015, there is no reference to Counsel's date of appointment in the record. Because the timeliness of the amended motion is dependent on the date Counsel was appointed, an independent inquiry would be necessary if Counsel was appointed before the May 20, 2015 entry of appearance as the filing would have occurred more than 90 days from the appointment of counsel.

The motion court's Conclusions of Law and Order address the timeliness of the amended motion in stating that "counsel entered his appearance on behalf of movant on May 20, 2015, he was granted an extension of time and he timely filed an amended motion on August 18, 2015." This conclusion, however, is not completely reflected by the record because there is no reference or attachment of an order of appointment in the record.

If the record on appeal is inadequate through no fault of the parties, the proper remedy is to reverse and remand the case to the trial court. Steinberg v. Steinberg, 430 S.W.3d 321, 324 (Mo. App. E.D. 2014) (citing Goodman v. Goodman, 165 S.W.3d 499, 501 (Mo. App. E.D. 2005)). Here, in the absence of an appointment order, there is an incomplete record because there is no indication of the date of Counsel's appointment for purposes of determining the timeliness of Movant's amended motion filing. Thus, we must reverse the motion court's judgment and remand for completion of the record.

### III. Conclusion

This court reverses the motion court's judgment and remands the case for proceedings consistent with this opinion.

_____
ROY L. RICHTER, Judge

Sherri B. Sullivan, P.J., concurs
Colleen Dolan, J., concurs