## Dorian ALEXANDER, Appellant,

v.

## STATE of Missouri, Respondent.

### No. ED 103774

Missouri Court of Appeals, Eastern District, DIVISION THREE.

Filed: February 21, 2017

Motion for Rehearing and/or Transfer to Supreme Court Denied April 10, 2017

Randall Brachman, St. Louis, MO, for Appellant.

Joshua D. Hawley, Attorney General, Karen L. Kramer, Asst. Attorney General, Jefferson City, MO, for Respondent.

#### ROBERT G. DOWD, JR., Judge

Dorian Alexander ("Movant") appeals from the judgment denying his Rule 29.15 motion after an evidentiary hearing. We reverse and remand.

Movant was convicted of multiple counts of robbery and armed criminal action after a jury trial and was sentenced to fifteen years imprisonment. After his convictions were affirmed on appeal, Movant filed a

timely pro se Rule 29.15 motion on December 10, 2014. An attorney from the public defender's office entered his appearance on January 9, 2015 and filed a motion for an additional thirty days in which to file the amended motion. Therein, counsel mentions that he was "appointed" but does not say when, and there is no court order, docket entry or other indication in the record as to when counsel was appointed. The extension of time was granted, and an amended motion was filed on April 9, 2015, which was ninety days after counsel's entry of appearance. But appointed counsel's deadline for filing runs from the date of appointment, not the date of entry of appearance.

> If an appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion shall be filed within sixty days of the earlier of: (1) the date both the mandate of the appellate court and counsel is appointed or (2) the date both the mandate of the appellate court is issued and an entry of appearance by any counsel that is not appointed but enters an appearance on behalf of movant.

Rule 29.15(g). Thus, in this case, if counsel was appointed the same day he entered his appearance, then the amended motion was timely. If, on the other hand, he was appointed any time prior to that date, then the amended motion was untimely. If the amended motion was untimely, then the motion court was required to inquire into the possibility that Movant had been abandoned by counsel. *See Moore v. State*, 458 S.W.3d 822, 824 (Mo. banc 2015). In its findings of fact and conclusions of law, the motion court stated that counsel entered his appearance and "timely filed an amended motion." But that conclusion about timeliness is not supported by any record of the date of appointment. *See Ford v. State*, 510 S.W.3d 360, 362, 2017 WL 410236, at *2 (Mo. App. E.D. January

31, 2017). Because the date of appointment is unknown, reversal and remand to the motion court is required. *See id.*

The judgment is reversed and remanded for proceedings consistent with this opinion.

Angela T. Quigless, P.J. and Lisa S. Van Amburg, J., concur.