**Michael D. RICE, Movant/appellant,**

**v.**

**STATE of Missouri, Respondent.**

**ED 104181**

Missouri Court of Appeals,
Eastern District,
Division One.

FILED: March 7, 2017

Kevin Blain Gau, Missouri Public Defender Office, St. Louis, MO, for Appellant.

Josh Hawley, Attorney General, Gregory L. Barnes, Assistant Attorney General, Jefferson City, MO, for Respondent.

## OPINION

Mary K. Hoff, Judge

Michael D. Rice ("Movant") appeals from the Judgment of the motion court ("Judgment") denying his amended Rule 29.15 motion for post-conviction relief ("Amended Motion") without an evidentiary hearing. Because the record is incomplete in that it does not note the date Movant's attorney was appointed, we reverse and remand.

### Factual and Procedural Background

Following a jury trial, Movant was convicted of forcible rape (in violation of Section 566.030 RSMo 2000 [1]), forcible sodomy (Section 566.060), kidnapping (Section 565.110), and second-degree assault (Section 565.060). The trial court sentenced Movant to a total of two consecutive terms of life imprisonment plus twenty-two years. Movant filed a direct appeal, and this Court affirmed his conviction and sentence in State v. Rice, 449 S.W.3d 831 (Mo. App. E.D. 2014).

Subsequently, on February 26, 2015, Movant filed a timely *pro se* motion for post-conviction relief and a forma pauperis affidavit, requesting the appointment of an attorney. The record reflects that thereafter, on June 23, 2015, Movant's post-conviction counsel ("Counsel") entered his appearance. However, the record is silent as to the date that Counsel was appointed. Also on June 23, Counsel requested a 30-day extension to the 60 days permitted by Rule 29.15(g) in which to file an amended motion for post-conviction relief on behalf of Movant. The motion court granted the request on September 11, 2015, purportedly making the Amended Motion due on September 21, 2015, 90 days after Counsel's appearance.

Counsel filed the Amended Motion on that day, alleging that Movant's appellate counsel was ineffective for failing to raise a claim that the trial court erred in admitting propensity evidence that Movant was a thief. In its Judgment, entered on November 2, 2015, the motion court first noted that Counsel "entered his appearance

1. Unless otherwise indicated, all further statutory references are to RSMo 2000 as amended.

... on June 23, 2015, he was granted an extension of time in which to file an amended motion[, and that he] timely filed an amended motion on September 21, 2015." It then found that, because the issues raised by Movant were not preserved for appeal, and because Movant opened the door to said evidence, Movant failed to allege facts that were not refuted by the record. Thus, the motion court concluded that Movant was not entitled to an evidentiary hearing, and it denied the Amended Motion on November 2, 2015. This appeal follows.

## Point on Appeal

In his sole point on appeal, Movant argues that the motion court erred in denying his Amended Motion without an evidentiary hearing because appellate counsel was ineffective in failing to raise a claim that the trial court plainly erred in admitting propensity evidence, over objection, that Movant researched Walmart vulnerabilities for the purpose of stealing and that Movant's occupation was that of a thief.

## Discussion

■ Before we may reach the merits of Movant's claim, we must first examine whether Movant's Amended Motion was timely filed as "[i]t is the court's duty to enforce the mandatory time limits ... in the post-conviction rules." Dorris v. State, 360 S.W.3d 260, 268 (Mo. banc 2012). Rule 29.15(g), which states that where

an appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion shall be filed within sixty days of the earlier of: (1) *the date both the mandate of the appellate court is issued and counsel is appointed or* (2) the date both the mandate of the appellate court is issued and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant. The court may extend the time for filing the amended

motion for one additional period not to exceed 30 days.

Rule 29.15(g) (emphasis added). The mandatory nature of post-conviction deadlines such as that contained in Rule 29.15(g) renders a movant's failure to file a post-conviction motion within the prescribed time limit a complete waiver of the claims that could be raised in the motion. Eastburn v. State, 400 S.W.3d 770, 773 (Mo. banc 2013).

■ However, an exception to Rule 29.15(g)'s deadline exists. Particularly, an abandonment of the movant by post-conviction counsel "extend[s] the time limitations for filing an amended Rule 29.15 motion." Moore v. State 458 S.W.3d 822, 825 (Mo. banc 2015) (internal quotations omitted). Abandonment exists where post-conviction counsel files an amended motion beyond the Rule 29.15(g) deadline. Id. To determine whether an abandonment occurred at the untimely filing, the motion court must undertake an independent inquiry. Id. (internal quotations omitted). If the movant can demonstrate that the untimely filing was due to counsel's failure to comply with Rule 29.15 and not the result of movant's negligence or intentional conduct, the motion court will allow the untimely motion. Sanders v. State, 807 S.W.2d 493, 495 (Mo. banc 1991). On the other hand, where no abandonment is found, the motion court may not permit the filing of the amended motion, and instead, it must proceed in adjudicating the movant's initial motion. Moore, 458 S.W.3d at 825.

■ In this case, the date that Counsel was appointed controls whether the Amended Motion was timely filed under Rule 29.15(g). See Ford v. State, No. ED104038, 510 S.W.3d 360, 362, 2017 WL 410236, at *2 (Mo. App. E.D. January 31, 2017) (when post-conviction counsel is appointed, "timeliness of [an] amended motion is dependent on the date Counsel was

appointed."); and Stanley v. State, 420 S.W.3d 532, 540 (Mo. banc. 2014) (quoting State v. White, 813 S.W.2d 862, 864 (Mo. banc 1991)) ("[T]he effective date of appointment of counsel is the date on which the office of the public defender is designated rather than the date of counsel's entry of appearance."). However, the record here contains neither a reference to nor an attachment of an order of appointment of Counsel. Thus, the record is incomplete in that it does not note the date of Counsel's appointment. This Court, therefore, cannot determine whether the Amended Motion was timely under Rule 29.15(g). "When the record on appeal is inadequate through no fault of the parties, the proper remedy is to reverse and remand the case to the trial court." Steinberg. v. Steinberg, 430 S.W.3d 321, 324 (Mo. App. E.D. 2014) (citing Goodman v. Goodman, 165 S.W.3d 499, 501 (Mo. App. E.D. 2005)).

Assuming that Counsel was appointed on the same day that he entered his appearance, June 23, 2015, the last day that the Amended Motion could be filed would be September 21, 2015.[2] However, if Counsel's appointment occurred even one day prior to June 23, 2015, the Amended Motion would be untimely unless Counsel abandoned Movant. Since the motion court incorrectly relied on the date of Counsel's entry of appearance, it did not consider whether the Amended Motion was timely as measured from the date of Counsel's appointment. Therefore, if it was not timely, the motion court needs to conduct an inquiry as to whether Counsel abandoned Movant.

Thus, we are compelled to reverse the motion court's Judgment and remand for completion of the record so that the motion court can make a proper determination as to whether the Amended Motion was timely filed, and if not, whether Counsel abandoned Movant. See Moore, 458 S.W.3d at 825.

## Conclusion

We reverse the motion court's Judgment and remand the case for proceedings consistent with this opinion.

Robert M. Clayton III, Presiding Judge and Lisa P. Page, Judge, concur.

---

**2.** Assuming that Counsel *was* appointed on June 23, 2015 such that the Rule 29.15(g) clock did start on that date, we acknowledge that the motion court's grant of Counsel's request for a 30-day extension on September 11, 2015 would be beyond the initial 60-day deadline such that the Amended Motion, in that situation, would still appear to be untimely. However, we do not believe that timeliness would be an issue in that situation since the motion court ultimately granted the extension and Counsel would have filed the Amended Motion within that extension period. We are aware of cases where amended motions have been found timely even where the *request for an extension* was untimely filed, but the motions were ultimately filed within the granted extension period. See, e.g., Volner v. State, 253 S.W.3d 590, 592 (Mo. App. S.D. 2008) ("[N]ondescript treatment of counsel's request for an extension made after the expiration of the initial period within which to file an amended motion is tantamount to tacit approval of such a filing so long as counsel then complies with the rule-mandated thirty-day limit to that extension."); and Federhofer v. State, 462 S.W.3d 838, 841 (Mo. App. E.D. 2015) ("[A]s long as the amended motion was ultimately filed within the extension period, it is immaterial that the request for that extension was filed after the initial sixty-day period" where the court ultimately granted the extension). Even so, any potential application of those cases would still require a record that provides Counsel's date of appointment. Since that date is not noted in the record, we need not apply them here as we lack the means to undertake a timeliness analysis.