JEFFREY W. BATES, J.
Robert Steele (Steele) appeals from an order denying his Rule 29.15 amended motion for post-conviction relief.[1] The amended motion was filed beyond the time limits imposed by Rule 29.15(g). Because Steele had retained counsel to represent him in the post-conviction relief proceedings, the deadline for filing the amended motion could not be extended pursuant to the abandonment doctrine. Therefore, the motion court lacked authority to rule on the amended motion. Because the pro se motion contained additional claims that were not adjudicated by the motion court, the order denying relief did not constitute a final judgment from which an appeal could be taken. Accordingly, we must dismiss the appeal.
Standard of Review
"The time limits for filing a post-conviction motion are mandatory." Stanley v. State , 420 S.W.3d 532, 540 (Mo. banc 2014). Our Supreme Court has made it clear that "[a] motion court has no authority to extend [the] time limit for filing an amended motion" beyond what the rules allow. Id . (emphasis added). It is the duty of both a motion court and an appellate court to enforce the time limits in the post-conviction rules, even if the State does not raise the issue. See Dorris v State , 360 S.W.3d 260, 268 (Mo. banc 2012) ; Rice v. State , 512 S.W.3d 108, 110 (Mo. App. 2017).
*488 Factual and Procedural Background
Following a bench trial, Steele was convicted of involuntary manslaughter and second-degree assault for driving while intoxicated. See §§ 565.024, 565.060. Steele's conduct resulted in the death of a two-year-old child and injuries to two adults. He was sentenced as a prior offender to serve consecutive prison terms of 15 and seven years. His convictions and sentences were affirmed by this Court in a Rule 30.25(b) summary order and statement in State v. Steele , SD32390 (Mo. App. filed April 28, 2014). Our mandate issued on May 14, 2014.
Steele's Rule 29.15 pro se motion for post-conviction relief was due by August 12, 2014. See Rule 29.15(b). His motion was timely filed on August 8, 2014. In a cover letter accompanying that motion, Steele asked the court "to hold off appointing me counsel, as I anticipate an attorney I am hiring to enter his appearance sometime next week." On August 18, 2014, retained counsel filed an entry of appearance on Steele's behalf. Counsel requested and received a 30-day extension to file the amended motion. According to Rule 29.15(g), the amended motion would have been due on November 17, 2014.[2]
On November 13, 2014, Steele filed a "First Amended Motion Under Rule 29.15." Although Steele stated that the motion was "by and through his counsel," only Steele signed the motion (hereinafter referred to as the pro se amended motion).[3] Retained counsel did not separately file any other amended motion by the deadline of November 17, 2014.
On December 5, 2014, Steele filed a "Request for Court's Determination on Abandonment of Retained Post-Conviction Counsel[.]" Thereafter, the motion court found that retained counsel abandoned Steele, and granted him "90 days to file an amended motion in this case." A second retained counsel filed an amended motion within the 90-day time period (hereinafter referred to as counsel's amended motion). After an evidentiary hearing, the motion court denied all claims in counsel's amended motion. Counsel's amended motion did not include all of the claims asserted in the pro se amended motion.[4] This appeal followed.
*489 Discussion and Decision
Steele's four points all involve alleged errors by the motion court in ruling on issues presented in counsel's amended motion. The State argues, however, that the appeal should be dismissed because: (1) counsel's amended motion was untimely; (2) the abandonment doctrine cannot be used to excuse the untimely filing since it does not apply to retained counsel; (3) the motion court is limited to litigating issues raised in the last timely filed motion; (4) the claims on appeal were not contained in that motion; (5) the last timely filed motion includes additional claims which have not been adjudicated; and (6) the appeal must be dismissed for lack of a final judgment. We agree.
Steele acknowledges that counsel's amended motion was untimely, but he relies on the abandonment doctrine to excuse the untimely filing. In Gittemeier v. State , 527 S.W.3d 64 (Mo. banc 2017), our Supreme Court clarified that the abandonment doctrine does not apply to retained counsel. Id . at 68. This is because the abandonment doctrine "was created to excuse the untimely filing of amended motions by appointed counsel under Rule 29.15(e)." Id . at 69 (emphasis added); Price v. State , 422 S.W.3d 292, 297 (Mo. banc 2014).
In Steele's reply brief, he argues " Gittemeier should not apply because it is wrong" in that, inter alia , it is "absurd to hold appointed counsel to a different standard than counsel chosen by the movant." That argument is misdirected because this Court is constitutionally bound to follow Gittemeier as the latest controlling decision on the issue from the Supreme Court of Missouri. MO. CONST. art. V, § 2 ; Inman v. Dominguez , 371 S.W.3d 921, 925 (Mo. App. 2012). Therefore, Steele cannot rely on the abandonment doctrine to excuse the untimely filing of counsel's amended motion.[5]
If a movant files an untimely amended motion for post-conviction relief and the movant has not been abandoned, "the motion court should not permit the filing of the amended motion and should proceed with adjudicating the movant's initial motion." Moore v. State , 458 S.W.3d 822, 825 (Mo. banc 2015) ; Maguire v. State , 536 S.W.3d 247, 250 (Mo. App. 2017). Here, the "initial motion" is Steele's last timely filed pro se amended motion. See, e.g. , Tinsley v. State , 258 S.W.3d 920, 927 (Mo. App. 2008). Thus, the proper motion for the motion court to adjudicate is the pro se amended motion. See id . ; Rule 29.15(i). The record reflects that the motion court entered an order that only denied relief on the claims included in counsel's amended motion. Because the *490 pro se amended motion included additional claims, the motion court failed to "acknowledge, adjudicate, and dispose of all claims in its judgment." Green v. State , 494 S.W.3d 525, 531 (Mo. banc 2016).[6] As such, the motion court's order is not final. Id . at 532-33 ; Rule 74.01(b); see also Bryan v. State , 536 S.W.3d 808, 809 (Mo. App. 2018). Accordingly, the appeal must be dismissed for lack of a final judgment. See Green , 494 S.W.3d at 533 ; Maguire , 536 S.W.3d at 250 ; Bryan , 536 S.W.3d at 809.
Appeal dismissed.
WILLIAM W. FRANCIS, JR., P.J.-CONCUR
DANIEL E. SCOTT, J.-CONCUR

All rule references are to Missouri Court Rules (2014), and all statutory references are to RSMo Cum. Supp. (2009).

In 2014, Rule 29.15(g) stated in relevant part:
If an appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion shall be filed within sixty days of the earlier of:
(1) the date both the mandate of the appellate court is issued and counsel is appointed or
(2) the date both the mandate of the appellate court is issued and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant.
The court may extend the time for filing the amended motion for one additional period not to exceed thirty days .
Id . (bold emphasis added). Given the initial 60 days and the 30-day extension, the 90th day from retained counsel's entry of appearance on August 18, 2014 fell on November 16th. Because that day was a Sunday, the amended motion was due the following Monday, November 17, 2014. See Rule 44.01(a).

The pro se amended motion timely filed on November 13th is his third filing in a two-day period. The prior day, Steele filed a "First Supplemental Motion ... by Pro-Se" and then filed a "First Supplemental Motion ... by Counsel[.]" The pro se amended motion filed on November 13th is the same motion as the other two, signed only by Steele. See Rule 29.15(g) (requiring that "[a]ny amended motion shall be signed by movant or counsel").

The additional claims specified in the pro se amended motion included claims that: (1) trial counsel failed to "investigate and properly pursue [Steele's] claim pursuant to a violation of Section 546.610" regarding his delivery to the sheriff; (2) Steele was denied a change of venue, and trial counsel was ineffective for failing to object to the trial court's failure to rule on change of venue; (3) prosecutors engaged in misconduct by allowing a State's witness to give false sworn testimony; and (4) trial counsel failed to investigate and depose the toxicologist, and to object to the toxicologist's reliance on personal notes.

Steele also argues that Gittemeier should not apply because: (1) after the deadline to file an amended motion expired, the motion court appointed counsel for Steele, who likewise abandoned him; and (2) the State agreed that the abandonment doctrine applied. Neither argument has merit. First, because Steele was represented by retained counsel when the deadline to file an amended motion expired, no action by the trial court to later appoint counsel for Steele could revive that expired time limitation. See Stanley , 420 S.W.3d at 540 ; Dorris , 360 S.W.3d at 268 ; Rice , 512 S.W.3d at 110. That was the reason appointed counsel declined to file an amended motion for Steele. The amended motion was ultimately filed by a second retained counsel for Steele. Second, the time limits in Rule 29.15 must be enforced, even if the State does not raise the issue. Bearden v. State , 530 S.W.3d 504, 506 (Mo. banc 2017).

Green was superseded by rule on other grounds as stated in Creighton v. State , 520 S.W.3d 416, 422 n.8 (Mo. banc 2017).