

# In the Missouri Court of Appeals Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| DANIEL PAUL AUSTIN, | ) | No. ED102486 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Elizabeth Hogan |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | FILED: February 9, 2016 |

## Introduction

Daniel Austin ("Austin") appeals the motion court's judgment denying his Rule 24.035[1] motion for post-conviction relief without an evidentiary hearing. We cannot determine from the record on appeal whether Austin's amended motion was timely filed by appointed counsel. Nor can we determine from the record if the motion court made an independent inquiry as to whether the amended motion was timely filed and if Austin was abandoned by appointed counsel. We reverse and remand this matter to the motion court to determine the timeliness of the amended motion and the issue of abandonment.

---

[1] All rule references are to Mo. R. Crim. P. (2015).

## Factual and Procedural History

On August 30, 2013, Austin pled guilty to three crimes in two separate cases pursuant to a plea agreement. In the first case,[2] Austin pled guilty to felony kidnapping under Section 565.110.[3] In the second case,[4] Austin pled guilty to felony tampering with a victim, under Section 575.270, and misdemeanor violation of an order of protection, under Section 455.085. According to the plea agreement, Austin received a sentence of seven total years to run consecutively with a sentence Austin already was serving on another case.

On February 7, 2014, Austin filed a *pro se* Rule 24.035 motion for post-conviction relief. A March 4, 2014, docket entry for the trial court states, "The above-referenced case was heard on August 30, 2013 and has been transcribed and is now maintained by: [the court reporter]."

The record before us lacks any reference as to when Austin's post-conviction counsel was appointed. However, on May 23, 2014, Austin's appointed counsel entered an appearance and requested additional time to file an amended motion. The motion court granted counsel's request on May 29, 2014. On November 12, 2014, appointed counsel filed an amended motion for post-conviction relief. On December 1, 2014, the motion court entered its findings of fact, conclusions of law, and order denying Austin's motion without an evidentiary hearing. This appeal follows.

## Points on Appeal

In his amended motion, Austin raises two points on appeal, both alleging that the motion court clearly erred in denying his Rule 24.035 motion for post-conviction relief without an evidentiary hearing. In Point One, Austin alleges that the State failed to present sufficient facts

---

[2] Case number 1122-CR02176-01. This case was previously tried to a jury. A jury found Austin guilty on one count of aggravated stalking and one count of third-degree domestic assault. The jury did not reach a verdict on the felony kidnapping count.

[3] All statutory references are to RSMo (2000).

[4] Case number 1222-CR03511-01.

at his plea hearing to establish that he committed one count of kidnapping in violation of Section 565.110. In Point Two, Austin argues that his trial counsel was ineffective for failing to inform Austin that persons convicted of victim tampering are not eligible for parole. Austin avers that he would not have pleaded guilty to victim tampering had he known parole was not an option, and he would have insisted on taking his case to trial.

## Discussion

Before reaching the merits of an appeal, Moore v. State, 458 S.W.3d 822 (Mo. banc 2015), compels us to examine the timeliness of an amended Rule 24.035 post-conviction motion. Gales v. State, 470 S.W.3d 405, 407 (Mo. App. E.D. 2015). Where, as here, no appeal is taken, Rule 24.035 provides, "the amended motion shall be filed within sixty days of the earlier of: (1) the date both a complete transcript consisting of the guilty plea and sentencing hearing has been filed in the trial court and counsel is appointed or (2) the date both a complete transcript has been filed in the trial court and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant." Rule 24.035(g). The motion court may extend the time for filing the amended motion for an additional 30 days. Rule 24.035(g). Austin's case falls within the first prong of Rule 24.035(g) because Austin's counsel was appointed.

To calculate the date that Austin's amended motion was due, we must know the date when the complete transcript was filed and the date when counsel was appointed. Austin's amended motion states that a "complete transcript of the guilty plea and sentencing proceedings was filed with this Court," but provides no filing date. The motion court did not consider the timeliness issue, and thus made no relevant factual findings. The remainder of the legal file is similarly unclear. A docket entry of March 4, 2014 states, "The above-referenced case was heard on August 30, 2013 and has been transcribed and is now maintained by: [the court reporter]." We cannot ascertain from this docket entry if the transcript was actually "filed" with

3

the motion court on March 4, 2014. Similarly, we cannot determine from the legal file when Austin's counsel was "appointed." While Austin's counsel entered an appearance on May 23, 2014, "the effective date of appointment of counsel is the date on which the office of the public defender is designated rather than the date of counsel's entry of appearance." Stanley v. State, 420 S.W.3d 532, 540 (Mo. banc 2014).

Because the record before us does not inform us when a complete transcript was "filed" or when counsel was "appointed," we cannot determine the date Austin's amended motion was due under Rule 24.035(g) and, consequently, whether the amended motion was timely filed. The passage of more than five months following appointed counsel's entry of appearance and the motion court's order granting additional time to file an amended motion raises sufficient concern to require an inquiry by the motion court. Accordingly, we reverse the motion court's judgment and remand for the motion court to determine the timeliness of Austin's amended motion and whether Austin was abandoned by appointed counsel.

### Conclusion

The motion court's judgment is reversed and the case remanded for further proceedings consistent with this opinion.

_____
KURT S. ODENWALD, Judge

Sherri B. Sullivan, P.J., concurs.
Lisa Van Amburg, C.J., concurs.

4