Skipper R. CRAIGG, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 103971

Missouri Court of Appeals,
Eastern District,
**DIVISION THREE**.

FILED: February 21, 2017

Amy M. Bartholow, 1000 West Nifong, Bldg. 7 Suite 100, Columbia, MO. 65203, for appellant.

Christine K. Lesicko, P.O. Box 899, Jefferson City, MO. 65102, for respondent.

## OPINION

Angela T. Quigless, P.J.

Skipper R. Craigg ("Movant") appeals from the judgment of the Circuit Court of Monroe County denying his Rule 24.035 [1] motion for post-conviction relief following an evidentiary hearing. We reverse and remand.

---

1. All rule references are to Missouri Court Rules (2015), unless otherwise indicated.

## FACTUAL AND PROCEDURAL BACKGROUND

Following plea negotiations, Movant pled guilty and was convicted of unlawful possession of a firearm by a convicted felon, in violation of Section 571.070(1).[2] Movant was sentenced as a prior and persistent offender to a fifteen-year suspended prison sentence with five years of supervised probation. Movant violated the terms of his probation, the trial court revoked his probation, and the court imposed the fifteen-year sentence. Movant did not file a direct appeal.

On August 26, 2014, Movant timely filed a *pro se* Rule 24.035 motion for post-conviction relief. The motion court declared Movant indigent and appointed post-conviction counsel on August 29, 2014. On September 30, 2014, the motion court granted Movant's counsel an additional thirty days to file an amended motion, which was subsequently filed on April 17, 2015. The transcript of Movant's guilty plea and sentencing was transcribed on November 3, 2014, and certified by the court reporter the following day. However, there is no indication in the record of when the complete transcript was filed.

Movant's amended Rule 24.035 motion for post-conviction relief raised two claims of ineffective assistance of counsel, alleging counsel's performance was deficient to such a degree that his plea was involuntary: (1) for "fail[ing] to advise movant as to the state's burden of proof as to the amended offense of felon in possession of a firearm," and; (2) for "fail[ing] to investigate and advise movant as to potential defenses to the original charge for which he was facing trial." These claims differed substantially from the claims and allegations Movant initially raised in his *pro se* motion.

The motion court accepted Movant's amended motion without considering whether it was timely filed, and held an evidentiary hearing on the claims raised therein. After the hearing, the motion court denied movant's amended motion on two grounds. First, the record of Movant's guilty plea refuted his allegations. Second, movant was not prejudiced by plea counsel's ineffectiveness. The court also found Movant's plea was knowing and voluntary. This appeal follows.

## POINTS ON APPEAL

Movant raises two points on appeal. In Point I, Movant argues the motion court clearly erred in denying his Rule 24.035 motion for post-conviction relief because trial counsel was ineffective for failing to discuss the State's burden of proof concerning the possession element of his offense, rendering his plea involuntary and unknowing in that it was made "pursuant to a misunderstanding of the concept of 'joint possession.'" In Point II, Movant argues the motion court clearly erred in denying his Rule 24.035 motion for post-conviction relief because trial counsel was ineffective for failing to interview one of the State's witnesses, and Movant would not have pled guilty if his counsel had obtained this information.

## DISCUSSION

We cannot review the merits of this appeal because the record does not include any reference to the date the plea transcript was filed, which is necessary for determining the timeliness of Movant's amended motion. *Austin v. State*, 484 S.W.3d 830, 833 (Mo. App. E.D. 2016); *see also Moore v. State*, 458 S.W.3d 822, 825 (Mo. banc 2015) (applying similar rule in

---

**2.** All statutory references are to RSMo 2000, unless otherwise indicated.

context of Rule 29.15 motion following a direct appeal).

Rule 24.035(g) outlines the procedural requirements of an amended motion for post-conviction relief following a guilty plea where no direct appeal is taken:

If no appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion shall be filed within 60 days of the earlier of the date both a complete transcript consisting of the guilty plea and sentencing hearing has been filed in the trial court and:

(1)  Counsel is appointed, or

(2)  An entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant.

. . .

The court may extend the time for filing the amended motion for one additional period not to exceed 30 days. Any response to the motion by the prosecutor shall be filed within 30 days after the date an amended motion is required to be filed.

Rule 24.035(g).

In this case, the deadline for filing an amended motion under Rule 24.035(g) is controlled by the date the plea transcript was filed. Apparently this occurred after counsel was appointed. The motion court appointed Movant's post-conviction counsel on August 29, 2014, while the transcript was not transcribed until November 3, 2014. The motion court extended the time for filing the amended motion for an additional thirty days. Therefore, Movant's amended motion was due no later than ninety days after the plea transcript was filed with the court.

This Court cannot determine whether Movant's amended motion was timely under Rule 24.035(g) because the record does not indicate the date when the complete transcript was filed. If the transcript was filed the same day it was transcribed by the court reporter, then Movant's amended motion would have been due no later than February 2, 2015, since February 1, 2015 was a Sunday. Yet, the amended motion was not actually filed until more than ten weeks later, on April 17, 2015. Therefore, Movant's amended motion was untimely unless either the court reporter delayed more than ten weeks in filing the transcript or Movant was abandoned by his post-conviction counsel.

■■■  When post-conviction counsel is appointed to represent an indigent movant, the untimely filing of an amended motion can constitute "abandonment" of movant by counsel. *Moore*, 458 S.W.3d at 825 (citing *Price v. State*, 422 S.W.3d 292, 298 (Mo. banc 2014)). When an amended motion is filed after the deadline in Rule 24.035(g) has already expired, the motion court must conduct an independent inquiry to determine if abandonment occurred. *Moore*, 458 S.W.3d at 825. If the movant was abandoned by appointed counsel, this "extend[s] the time limitations for filing an amended motion," and the court should permit the untimely filing of the amended motion. *Id.* (alteration in original) (citing *Sanders v. State*, 807 S.W.2d 493, 495 (Mo. banc 1991)). On the other hand, if the motion court finds the movant was not abandoned, the amended motion should be disregarded and the court should adjudicate movant's initial motion. *Moore*, 458 S.W.3d at 825. Here, the motion court did not consider the timeliness issue, and thus made no relevant factual finding.

■■  Therefore, we find the motion court erred in adjudicating Movant's amended motion without first determining whether Movant's amended motion was timely filed and, if the motion was not timely, whether post-conviction counsel abandoned Movant.

*See Austin*, 484 S.W.3d at 832; *Moore*, 458 S.W.3d at 825.

## CONCLUSION

The judgment of the motion court is reversed and remanded for further proceedings consistent with this opinion.

Robert G. Dowd, Jr., J., and Lisa Van Amburg, J., Concur