**Nathan POLITTE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED104609**

Missouri Court of Appeals,
Eastern District,
**DIVISION FOUR.**

FILED: March 14, 2017

Lisa M. Stroup, St. Louis, MO, for Appellant.

Josh Hawley, Rachel Flaster, Jefferson City, MO, for Respondent.

KURT S. ODENWALD, Judge

## Introduction

Nathan Politte ("Politte") appeals the judgment of the motion court denying his amended Rule 24.035[1] motion for post-conviction relief on the merits. Lacking a sufficient record to determine the timeliness of Politte's amended motion, we reverse and remand.

## Factual and Procedural History

The State charged Politte with three counts of first-degree statutory sodomy. Under a plea agreement, Politte pleaded guilty to one of those counts, and the State dismissed the other two.

Acting pro se, Politte timely filed a Rule 24.035 motion for post-conviction relief. The motion court appointed post-conviction counsel on April 1, 2015.[2] A few weeks later, the motion court granted a 30–day extension for appointed counsel to file an amended motion. Appointed counsel filed the amended motion on September 2. Our record is unclear when the transcript of the plea and sentencing hearing was filed.

Politte's amended motion alleged two claims for ineffective assistance of counsel. The motion court denied both claims on the merits without an evidentiary hearing. Politte appeals.

## Discussion

Politte's points on appeal insist that he was entitled to an evidentiary hearing because the record did not conclusively refute his ineffective-assistance claims. However, we must determine the timeliness of Politte's amended motion before reaching the merits. Craigg v. State, ED103971, 510 S.W.3d 903, 904–05, 2017 WL 676788, at *2 (Mo. App. E.D. Feb. 21, 2017); Austin v. State, 484 S.W.3d 830, 832 (Mo. App. E.D. 2016); see also Moore v. State, 458 S.W.3d 822, 825 (Mo. banc 2015). Rule 24.035(g) outlines the relevant time limits for an amended motion after a guilty plea. If no appeal is taken, the amended motion shall be filed within 60 days of the earlier of the date both (1) "a complete transcript consisting of the guilty plea and sentencing hearing has been filed in the trial court"

---

1. All rule references are to Mo. R. Crim. P. (2015).

2. All dates referenced in this opinion occurred in 2015, so we will omit the year from now on.

and (2) counsel is appointed (or an entry of appearance is filed by counsel not appointed). Rule 24.035(g). Further, the motion court may extend the deadline once, for no more than 30 days. Id.

Here, the motion court granted Politte's appointed counsel a 30–day extension to file an amended motion. Thus, the amended motion was due 90 days after both (1) the transcript was filed and (2) counsel was appointed. See Rule 24.035(g).

The motion court appointed post-conviction counsel on April 1. If the 90–day period started on the day counsel was appointed, the amended motion was due on June 30. But post-conviction counsel did not file the amended motion until September 2. Hence, for the amended motion to be timely, the transcript-filing date must control. For an amended motion filed on September 2 to be timely, the transcript must have been filed on or after June 4— i.e. a transcript filed on June 4 would make the amended motion due 90 days later, on September 2; a transcript filed on June 5 would make the amended motion due on September 3; and so on.

Our record does not clearly establish the transcript-filing date. No docket entry specifically states when the transcript was filed. Further, the motion court made no relevant factual findings.

Our record contains a scanned version of the transcript, which shows the first page date-stamped as "FILED" on May 15. The date stamp also includes "MICHAEL E. REUTER, CIRCUIT CLERK." Our record confirms that Mr. Reuter is in fact the circuit clerk for Jefferson County, the county in which Politte filed this post-conviction motion. If the transcript was filed on May 15 as the date stamp indicates, the amended motion would have been due 90 days later on August 13. Thus, Politte's amended motion filed on September 2 would have been late.

However, without any reference to the record, Politte asserts that the transcript was filed on June 4, making the amended motion due on September 2 and thus timely filed on that date. Scouring the record, we found only one reference to June 4. This reference was a docket entry under the cause number for Politte's original plea, not the cause number for his post-conviction motion. The docket entry stated in full:

> BY ORDER OF THE PRESIDING JUDGE, THIS CAUSE IS ADMINISTRATIVELY TRANSFERRED TO DIVISION 6. THIS TRANSCRIPT WILL NOT BE SCANNED, BUT IS TO BE GIVEN TO THE COURT REPORTER OF DIV 6 FOR STORAGE. SO ORDERED: ROBERT G WILKINS, CIRCUIT JUDGE DIV. ONE, PRESIDING JUDGE GIVEN TO DIV 6 COURT CLERK THIS DATE.

At best, this docket entry is vague as to when the transcript was filed. Was the transcript filed that day, on June 4? Or was the transcript filed on May 15, sent to Judge Wilkins's division, and then transferred to another division along with the rest of the case on June 4? The record before us does not clearly reveal the answer.

In conclusion, the record suggests that the transcript was filed on May 15, which would render Politte's amended motion untimely. However, we recognize that the vague reference in the June 4 docket entry could possibly support Politte's assertion that the transcript was not filed until then. Given the uncertainty in our record and the lack of relevant factual findings as to the transcript's filing date, we cannot determine the timeliness of Politte's amended motion. See Craigg, 510 S.W.3d at 904–06, 2017 WL 676788, at *2–3. Thus, we must reverse and remand.[3] Id.

On remand, the motion court should consider the timeliness of Politte's amended motion and make the relevant factual findings. Id. If the amended motion was timely, the motion court may reconsider the merits. Id. If the motion was untimely, the motion court should determine whether Politte was abandoned by post-conviction counsel. Id. If abandonment occurred, the motion court may excuse the untimely amended motion; however, if no abandonment occurred, the motion court is limited to considering Politte's pro se motion. Id.

## Conclusion

The judgment of the motion court is reversed and the case remanded for further proceedings consistent with this opinion.

James M. Dowd, P.J., and Gary M. Gaertner, Jr., J., concur.

---

**3.** We echo the frustration recently expressed by Judge Bates of the Southern District:

Although the issues raised by the amended motion were fully adjudicated by the motion court and fully addressed in the parties' appellate briefs, we are prohibited from reaching the merits. All of the time, effort and expense devoted to this case ... may have been wasted. We see this occur far too often, and no one is the better for it—not the courts, the lawyers, and certainly not the movants. It is, therefore, in everyone's interest for judges and lawyers in the motion courts to identify and address any Moore problems there. Williams v. State, SD34199, —— S.W.3d ——, ——, 2016 WL 4385081, at *2 (Mo. App. S.D. Aug. 17, 2016) (Bates, J., concurring) (footnote—citing numerous reversals for an abandonment inquiry under Moore—omitted).