John COLEMAN, Movant/Appellant,

v.

STATE of Missouri,
Respondent/Respondent.

No. ED 104246

Missouri Court of Appeals,
Eastern District,
Division Two.

Filed: March 21, 2017

Matthew W. Huckeby, St. Louis, MO, For Movant/Appellant.

Gregory L. Barnes, Jefferson City, MO, For Respondent/Respondent.

SHERRI B. SULLIVAN, P. J.

## Introduction

John Coleman (Movant) appeals from the motion court's judgment denying his amended Motion to Vacate, Set Aside or Correct Judgment and Sentence filed pursuant to Rule 29.15[1] (post-conviction motion) after an evidentiary hearing. We reverse and remand.

## Factual and Procedural Background

On June 27, 2013, a jury found Movant guilty of first-degree robbery. The trial court sentenced Movant to thirty years' imprisonment, as a prior and persistent offender, and Movant appealed his conviction. This Court affirmed Movant's conviction and sentence. State v. Coleman, 458 S.W.3d 452 (Mo. App. E.D. 2015). The Court issued its mandate on April 10, 2015.

On April 29, 2015, Movant timely filed his *pro se* post-conviction motion. On May 29, 2015, appointed post-conviction counsel entered an appearance on Movant's behalf and requested an extension of time to file an amended motion. The motion court granted an additional 30 days to file an amended motion. Counsel filed an amended motion and request for evidentiary hearing on August 27, 2015.

The motion court held an evidentiary hearing and subsequently issued its Findings of Fact, Conclusions of Law, and Order denying Movant's post-conviction motion. This appeal follows.

## Discussion

Before proceeding to the merits of Movant's appeal, we are compelled under Moore v. State, 458 S.W.3d 822 (Mo. banc 2015), to examine the timeliness of the amended post-conviction motion.

Rule 29.15(g) provides that when, as here, an appeal of a judgment sought to be vacated, set aside, or corrected is taken, "the amended motion shall be filed within sixty days of the earlier of: (1) the date both the mandate of the appellate court is issued and counsel is appointed or (2) the date both the mandate of the appellate court is issued and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant." The motion court may extend the time for filing the amended motion for an additional 30 days. Rule 29.15(g).

Appointed counsel's untimely filing of an amended post-conviction motion can constitute abandonment, which extends the time limitation for filing an amended post-conviction motion. Moore, 458 S.W.3d 822, 825. If the amended motion was untimely filed and there has been no independent inquiry into abandonment, the cause must be remanded to the motion court for such inquiry. Id. at 825–26. "It is our duty to enforce the mandatory timelines in the post-conviction rules, but 'the motion court is the appropriate forum to conduct such an inquiry' into abandonment." Federhofer v. State, 462 S.W.3d 838, 841 (Mo. App. E.D. 2015), quoting Moore, 458 S.W.3d 822, 825.

If the motion court determines that a movant has not been abandoned, the court should not permit the filing of the amended motion and should proceed with adjudicating the movant's initial motion. Moore, 458 S.W.3d at 825. If the motion court determines the movant was aban-

1. All rule references are to Mo. R. Crim. P. 2015.

doned by appointed counsel's untimely filing of the amended motion, the court is directed to permit the untimely filing. Id. at 826.

In this case, the mandate was issued on April 10, 2015, and appointed counsel entered his appearance on May 29, 2015. The motion court granted a 30–day extension and appointed counsel filed the amended motion on August 27, 2015, 90 days after entering his appearance. However, appointed counsel's deadline for filing runs from the date of appointment, not the date of entry of appearance. Rule 29.15(g). There is no court order, docket entry, or any other indication in the record as to when counsel was appointed. Although the motion court stated in its order that "counsel timely filed an amended motion," there is nothing in the record supporting that conclusion. See Ford v. State, 510 S.W.3d 360, 362, 2017 WL 410236 *2 (Mo. App. E.D. January 31, 2017) (motion court finding amended motion was timely not supported by the record, cause remanded for completion of the record).

Because the date of appointment of counsel is unknown, reversal and remand to the motion court is required for completion of the record and, if necessary, an independent inquiry to determine if Movant was abandoned by appointed counsel.

### Conclusion

The motion court's judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

Roy L. Richter, J., and Colleen Dolan, J., concur