Diane E. GREER, Appellant,

v.

STATE of Missouri, Respondent.

No. SD 34125

Missouri Court of Appeals,
Southern District,
Division Two.

FILED: April 10, 2017

Appellant acting pro se

Respondent's attorneys: Joshua D. Hawley, Atty. Gen. & Mary H. Moore, Asst. Atty. Gen.

(Before Rahmeyer, J., Scott, J., and Francis, J.)

PER CURIAM.

Diane Greer pleaded guilty to conspiracy to commit murder, was sentenced to 20 years, and timely moved *pro se* for Rule 24.035 post-conviction relief. The motion court appointed the public defender to represent Greer and granted "an additional 60 days for filing of an Amended Motion." Counsel filed the amended motion more than six months later. The motion court considered only the amended motion in denying relief without an evidentiary hearing or any finding as to the amended motion's timeliness.

Before we can reach the merits of Greer's appeal, we are compelled to examine the amended motion's timeliness. *Austin v. State*, 484 S.W.3d 830, 832 (Mo.

App. 2016). Appellate courts are duty-bound to enforce PCR time limits *sua sponte*. *Price v. State*, 422 S.W.3d 292, 297 (Mo. banc 2014).

To calculate when Greer's amended motion was due, we must know *both* when counsel was appointed *and* when a complete transcript of the guilty plea and sentencing hearing was filed. *Austin*, 484 S.W.3d at 832; Rule 24.035(g). Our appellate record reflects the former,[1] but not the latter, so we must reverse and remand because we cannot determine the amended motion's timeliness. *Politte v. State*, No. ED104609, 513 S.W.3d 387, 389–90, 2017 WL 977260, at *2 (Mo.App. E.D. Mar. 14, 2017); *Austin*, 484 S.W.3d at 833.[2]

We reverse the judgment and remand for further proceedings consistent with this opinion. *Austin*, 484 S.W.3d at 833.[3]

---

1. January 15, 2015. *See Stanley v. State*, 420 S.W.3d 532, 540 (Mo. banc 2014) (counsel deemed appointed for Rule 24.035(g) purposes on date that the office of the public defender was designated).

2. To further complicate matters, citing documents admittedly outside our record on appeal, the state concedes a timeliness issue under *Moore v. State*, 458 S.W.3d 822 (Mo. banc 2015), and seeks remand for an independent inquiry into possible abandonment by appointed counsel. As we must remand in any event, the motion court also is the appropriate forum to evaluate *Moore* timeliness. *Id.* at 826. The motion court should complete the record and, if necessary, conduct an independent inquiry to determine whether Greer was abandoned by appointed counsel. *See Cole-*

*man v. State*, No. ED104246, 514 S.W.3d 66, 68, 2017 WL 1056214, at *2 (Mo.App. E.D. March 21, 2017); *Politte*, 513 S.W.3d at 389–90, 2017 WL 977260, at *2–3. Written findings and conclusions that result from such an inquiry should include a determination whether the court's January 15, 2015, docket entry extended the time to file the amended motion by *thirty* days (the maximum authorized Rule 24.035(g) extension) or, as the state contends, no extension was granted.

3. We take no position on the merits of Greer's appeal. *Moore*, 458 S.W.3d at 826 n.4. "It may be that after remand, even if the motion court determines that the movant was abandoned, the motion court would again overrule the amended motion without an evidentiary hearing." *Id.* at 827 (Fischer, J., concurring).