

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| ROBERT M. TINSLEY, SR., | ) | No. ED109258 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Mark H. Neill |
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | Filed: April 12, 2022 |

## I.      Introduction

Robert Tinsley, Sr. ("Movant") appeals from the judgment of the Circuit Court of the City of St. Louis denying his Rule 24.035[1] motion for postconviction relief following an evidentiary hearing.  In his sole point on appeal, Movant argues that the motion court erred in denying his Rule 24.035 motion because his plea counsel was ineffective in failing to fully inform Movant of the Missouri Sexual Offender Program's (MoSOP) guilt admission requirement.  Movant argues that, had he known of this requirement, he would not have entered an *Alford* plea, and instead, would have proceeded to trial.  The State argues that the motion court should have conducted an abandonment inquiry because Movant's amended motion was untimely filed. Because the complete transcripts were never filed, Movant's amended Rule 24.035 motion was timely filed and we reach the merits of Movant's claim.  We affirm.

---

[1] All rule references are to Missouri Supreme Court Rules (2014), unless otherwise specified.

## II.     Factual and Procedural Background

Movant was charged with two counts of statutory rape (Counts I and III), one count of statutory sodomy (Count II), and two counts of the Class D felony of incest (Counts IV and V) in Cause No. 1222-CR06643-01.  On September 2, 2014, Movant, through counsel, entered an *Alford* plea to the charges.  On November 25, 2014, the plea court sentenced Movant as a prior and persistent offender to concurrent sentences of twenty-five years on Counts I, II, and III, and four years on Counts IV and V, for a total sentence of twenty-nine years.  On December 10, 2014, Movant timely filed a *pro se* Motion to Vacate, Set Aside or Correct the Judgment or Sentence pursuant to Rule 24.035.  Postconviction counsel entered his appearance on January 7, 2015, and filed a motion requesting additional time to file an amended motion.  The motion court never ruled on the motion for additional time.  Postconviction counsel filed an amended motion on May 26, 2015.

On August 25, 2017, an evidentiary hearing was held by the motion court on the allegations in Movant's amended motion. On October 19, 2020, the motion court issued its findings of fact and conclusions of law denying Movant's amended motion.

## III.     Standard of Review

Appellate review of a motion court's findings of fact and conclusions of law denying a Rule 24.035 motion is limited to a determination of whether the motion court's findings and conclusions were clearly erroneous.  Rule 24.035(k); *Cooper v. State,* 356 S.W.3d 148, 152 (Mo. banc 2011).  The judgment of a motion court will be found to be clearly erroneous only if, upon reviewing the entire record, we are left with the definite and firm impression that a mistake has been made.  *Cooper,* 356 S.W.3d at 152.  The findings of the motion court are presumed to be correct.  *Worthington v. State,* 166 S.W.3d 566, 572 (Mo. banc 2005).

## IV. Discussion

### A. Timeliness of Movant's Amended Motion

Before addressing the merits of Movant's appeal, we must first determine the timeliness of his amended motion. *Politte v. State,* 513 S.W.3d 387, 388 (Mo. App. E.D. 2017); *see also Moore v. State,* 458 S.W.3d 822, 825 (Mo. banc 2015). Rule 24.035(g) establishes the requirements for filing an amended motion after a guilty plea. Under the then-current version of Rule 24.035, if no appeal is taken, the amended motion shall be filed within 60 days of the earlier of the date both: (1) a *complete transcript of the guilty plea and the sentencing hearing* is filed with the trial court; *and* (2) counsel is appointed or an entry of appearance is filed by counsel not appointed. Rule 24.035(g). The motion court may extend the deadline for no more than 30 days at a time, and for no more than 60 days total. *Id.*

Postconviction counsel entered his appearance on January 7, 2015, without an appointment by the court. On the same day, counsel requested additional time to file an amended motion, which was never ruled on. Therefore, the amended motion was timely if filed within 60 days of January 7, 2015, *and* the filing of the complete transcript in the underlying criminal file that contains the indictment or information. Rules 24.035 and 24.03. This Court will look to the record and the motion court's relevant findings of fact to assist in determining the filing date of the transcripts. *Politte,* 513 S.W.3d at 389 (remanding case due to a *lack* of factual findings by the motion court as to when the transcripts were filed and vagueness in the record as to when the transcripts were filed). Here, the motion court made a specific finding that the transcripts were never filed, and our review of the record confirms that finding.

The State points to February 23, 2015, as the date the transcripts were filed in the underlying criminal file, 1222-CR06643-01. While a docket entry on February 23, 2015, states

3

"Transcript Filed," an examination of the record reflects that the file contained only a scanned copy of a one-page statement of the court reporter, stating, "The above-referenced case was heard on September 2, 2014 and November 25, 2014, and has been transcribed and is now maintained by: [the court reporter]." If this statement is deemed a filing of the "complete transcripts," the amended motion would have been due on April 24, 2015, making the May filing of the amended motion untimely. However, Movant asserts, and the motion court found, that the transcripts were never filed, and as such, the 60-day timeframe never started.

Rules 24.03 and 24.035 set out the required procedure for filing the transcripts when a motion to vacate, set aside or correct a judgment is filed after a guilty plea. Rule 24.035(c) requires the circuit clerk to notify the court reporter to prepare *and file* a *complete transcript of the guilty plea and sentencing hearing* if the transcript has not yet been prepared or filed. The court reporter must prepare a "complete transcript" of the proceedings within 30 days of the date the reporter receives the notice. Rule 24.03(b). Once the complete transcript is filed, the circuit clerk shall then note the filing of the certified transcript in the record and *place the same, as part of the permanent record of the case, in the file containing the indictment or information.* Rule 24.03.

While the clerk's docket entry on February 23, 2015, shows "Transcript Filed," the complete transcript was not, in fact, filed. The filing of the court reporter's statement in lieu of the transcript is not a "complete transcript" of the plea and sentencing proceedings, as required by the Rules. *Dortch v. State,* 531 S.W.3d 126, 127 n.1 (Mo. App. E.D. 2017). Because the complete transcripts were never filed, the 60-day timeframe to file the amended motion never started. Consequently, the amended motion was timely filed, and the motion court did not err in considering Movant's motion on the merits.

4

B.   Ineffective Assistance of Counsel

In order to prove a claim of ineffective assistance of counsel, a movant must show both that: 1) counsel's performance was deficient; and 2) that this deficiency prejudiced the movant. *Strickland v. Washington,* 466 U.S. 668, 690 (1984); *Shockley v. State,* 579 S.W.3d 881, 892 (Mo. banc 2019).  In determining an ineffective assistance of counsel claim, a court must look to the reasonableness of counsel's challenged conduct. *Strickland,* 466 U.S. at 690. Counsel's performance will be found to be deficient when, in light of the circumstances of the case, their actions or omissions fall outside the range of competent professional judgment.  *Id.*  A finding of prejudice will be made where a movant shows that, but for counsel's errors, he would not have pled guilty and would have insisted on proceeding to trial.  *Smith v. State*, 353 S.W.3d 1, 3 (Mo. App. E.D. 2001).   If a movant fails to satisfy one prong, we need not address the other. *Strickland*, 466 U.S. at 697.  Upon review of a motion court's denial of a Rule 24.035 motion, we presume the motion court's findings and conclusions are correct.  *Smith*, 353 S.W.3d at 3.

As to the first prong of the test, Movant argues that the motion court clearly erred in denying his Rule 24.035 motion because plea counsel's performance was deficient in that he advised Movant to enter an *Alford* plea but failed to discuss that Movant would have to admit his guilt to the sexual offenses in order to successfully complete MoSOP, which is a prerequisite to eligiblity for early release.  The motion court found that Movant's claim was without merit because plea counsel's performance was not deficient in that parole eligibility and the length of time to be served before being eligible for parole are "collateral consequences" of Movant's plea, and plea counsel was not required to explain the implications of the program requirements with Movant. While Movant acknowledges there is no duty on plea counsel to inform him of collateral consequences of his plea, he asserts that the motion court has misconstrued his claim.

5

Movant instead argues, without citation to any legal authority, that plea counsel was ineffective for failing to advise Movant that an *Alford* plea and MoSOP's guilt admission requirement are inconsistent with each other. We fail to see the distinction.

A so-called "*Alford* plea," which derives its name from the United States Supreme Court's decision in *North Carolina v. Alford*, 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed. 162 (1970), differs from most guilty pleas in that the defendant makes no express admission of guilt during the guilty plea litany. *Frazier v. State,* 581 S.W.3d 118, 125 (Mo. App. S.D. 2019). Specifically, "[a]n *Alford* plea allows a defendant to plead guilty to a charged offense and accept criminal penalty even if he or she is unwilling or unable to admit to committing the acts constituting the offense." *Id.* (quoting *Brooks v. State*, 242 S.W.3d 705, 707 n.2 (Mo. banc 2008)). Nevertheless, the effect of an *Alford* plea is the same as any other guilty plea, as it "stands on equal footing with one in which an accused specifically admits the commission of the particular acts charged." *Id.* (quoting *Wilson v. State*, 813 S.W.2d 833, 843 (Mo. banc 1991)).

MoSOP's creation is derived from § 589.040, RSMo., which sets out the duties of the Department of Corrections regarding persons imprisioned for sexual assault offenses. Section 589.040.1 states that "[t]he director of the department of corrections shall develop a program of treatment, education and rehabilitation for all imprisoned offenders who are serving sentences for sexual assault offenses." Section 589.040.2 makes clear that the successful completion of the program is required *prior to being eligible for parole*.

In reviewing the performance of plea counsel, Missouri courts distinguish between "direct consequences" and "collateral consequences." Specifically, "direct consequences" are defined as "[those] consequences that definitely, immediately, and largely automatically follow [a] guilty plea." *Morales v. State,* 104 S.W.3d 432, 435 (Mo. App. E.D. 2003). The nature of

the charge to which the plea is offered, any applicable mandatory minimum penalties, the maximum possible penalty, the right to be represented, and the rights that will be waived as a result of entering a guilty plea are some examples of direct consequences. Rule 24.02(b); *Simmons v. State,* 432 S.W.3d 306, 308 (Mo. App. E.D. 2014). In this case, Movant makes no argument regarding plea counsel's failure to advise him of any direct consequences of his guilty plea.

Conversely, Missouri courts have long held that matters relating to parole eligibility are considered "collateral consequences," and that plea counsel is under no obligation to inform a defendant of his or her eligibility for parole as a result of a guilty plea. *Reynolds v. State,* 994 S.W.2d 944, 946 (Mo. banc 1999); *Simmons,* 432 S.W.3d at 308; *Smith,* 353 S.W.3d at 3-4; *Bryant v. State,* 316 S.W.3d 503, 510 (Mo. App. E.D. 2010). Movant's successful completion of MoSOP was required in order for him to be eligible for parole. If Movant's plea counsel had no duty to inform him of the requirements for parole eligibility, including MoSOP, then it necessarily follows that he had no duty to inform Movant of the specific requirements for successful completion of the program. *Frazier,* 581 S.W.3d at 129.

Furthermore, although plea counsel had no obligation to discuss these collateral consequences with Movant, the motion court found that plea counsel actually did discuss the guilt admission requirement with Movant earlier in the case. During the evidentiary hearing, plea counsel testified that, in March and August of 2013, he advised Movant that he would be required to complete MoSOP before he would be eligible for parole, and further, that he would be required to admit guilt for his offenses to successfully complete MoSOP:

> [MOVANT'S COUNSEL]: And you would have informed [Movant] about the MOSOP program, correct?

[PLEA COUNSEL]: Yes, sir.

[MOVANT'S COUNSEL]: In front—in your notes of March 2013, August 2013, you indicated that you informed him about the MOSOP program. Is that accurate?

[PLEA COUNSEL]: That's correct, yes.

[MOVANT'S COUNSEL]: Did you have any concern that [Movant] or a client like [Movant]. . . who was unwilling or unable to accept his guilt for the offense would have difficulty graduating from the MOSOP program?

[PLEA COUNSEL]: Yes.

[MOVANT'S COUNSEL]: And if you could elaborate a little bit on that concern?

[PLEA COUNSEL]: I think we talked about MOSOP when—early on when we first started talking about pleading. I told him that, you know, it's one thing to plead guilty in court. You'[re] going to actually have to go through the sex offender []² program as well. And in that program you're going to have to deal with admission. I don't think you can even get out of it if you don't make an admission.

Additionally, the motion court found that the plea court even emphasized the serious consequences of MoSOP to Movant. The record shows that, while Movant was not owed a duty to be informed of his parole consequences, he was, in fact, informed of MoSOP.

Movant further attempts to distinguish his argument, without citation to any authority, by stating that plea counsel's performance was deficient in advising Movant to accept an *Alford* plea without discussing its "ramifications" for his participation in MoSOP. Movant further argues that if he had been advised of the "ramifications," he would not have pled guilty and would have insisted on proceeding to trial. We see no distinction between the words "consequence" and "ramification." The dictionary definition of "ramification" reads, "a related or derived development; *consequence*; implication." Random House Webster's College Dictionary

---

² Plea cousel used the phrase "sexual offender registry program." MoSOP is not a registry program and we believe plea counsel misspoke when using this word.

8

(Random House, 2nd ed. 1997)[3] (emphasis added). Whether MoSOP's guilt admission requirement is deemed a "consequence" or a "ramification" makes no difference to our analysis. This is because, as previously discussed, plea counsel was under no duty to inform Movant of the collateral "consequences" or "ramifications" of his guilty plea.

Movant further claims that plea counsel's failure to inform him of MoSOP's guilt admission requirement amounted to erroneous advice. However, there is an important distinction between a claim for failure to advise and a claim that counsel provided erroneous advice. *See, e.g.*, *Hao v. State,* 67 S.W.3d 661, 663 (Mo. App. E.D. 2002). While erroneous advice can affect the voluntariness of a guilty plea, the erroneous advice must be affirmatively stated to a defendant. *Id.* Movant does not assert that plea counsel ever provided him with erroneous advice that he relied on in deciding to plead guilty. Rather, Movant's entire argument is that plea counsel failed to advise him at all.

Having considered Movant's argument, we find it clear that counsel is under no duty to inform a criminal defendant of the MoSOP program requirements in connection with an *Alford* plea, because the program requirements and parole eligibility are collateral consequences of any guilty plea. *Reynolds,* 994 S.W.2d at 946; *Simmons,* 432 S.W.3d at 308. Therefore, we find that plea counsel's performance was not deficient for allegedly failing to advise Movant of the inconsistency of his *Alford* plea and the specific MoSOP requirement that offenders must admit their guilt to complete the program successfully. The alleged omission does not fall outside the range of competent professional judgment. Completion of the program is a prerequisite to parole eligibility, which is a collateral consequence of a guilty plea, thus plea counsel is under no obligation to inform Movant of the requirements of the program. While Movant's plea counsel

---

[3] An online search of Merriam-Webster's Thesaurus also shows that "consequence" is a synonym for "ramification." Merriam-Webster, http://www.merriam-webster.com/thesaurus (last visited Mar. 21, 2022).

did not discuss the program requirements in connection with his *Alford* plea, the record shows that plea counsel did advise Movant of this requirement earlier in the case, even though plea counsel was not obligated to do so. Because Movant failed to prove that his plea counsel's performance was deficient, we need not consider the prejudice prong of the test and decline to do so. *Strickland,* 466 U.S. at 697.

Point denied.

### V. Conclusion

For the above reasons, the judgment of the motion court is affirmed.

_____
Kelly C. Broniec, Judge

Kurt S. Odenwald, P.J. and
John P. Torbitzky, J. concur.

10