

# Missouri Court of Appeals

## Southern District

### Division Two

KEVIN P. WRIGHT,                          )
                                          )
                    Appellant,            )
                                          )
        vs.                               )        No. SD34177
                                          )        Filed: May 11, 2016
STATE OF MISSOURI,                        )
                                          )
                    Respondent.           )

APPEAL FROM THE CIRCUIT COURT OF LAWRENCE COUNTY

Honorable Jack A. L. Goodman, Circuit Judge

## REVERSED AND REMANDED WITH DIRECTIONS

Kevin P. Wright ("Wright") appeals from the judgment of the motion court denying his amended Rule 24.035[1] motion to set aside his conviction for the class D felony of a prior sex offender residing within 1000 feet of a school. *See* § 566.147.[2] Because the motion court failed to conduct an independent inquiry into whether Wright was abandoned by post-conviction counsel following counsel's untimely amended post-conviction motion, we reverse and remand for further proceedings.

---

[1] All rule references are to Missouri Court Rules (2015).

[2] All references to section 566.147 are to RSMo Cum.Supp. (2011). All other references to statutes are to RSMo 2000.

We set forth only those facts necessary to complete our review. On June 4, 2013, Wright was charged by information with the class D felony of residing within 1000 feet of a school or child care facility as a sex offender. On July 9, 2013, Wright entered a plea of guilty to the charge, pursuant to a plea agreement, and received a suspended imposition of sentence and five years' of supervised probation. On April 14, 2014, Wright's probation was revoked and he was sentenced to four years in the Department of Corrections.

On May 21, 2014, Wright filed his *pro se* "Motion to Vacate, Set Aside or Correct the Judgment and Sentence." We are compelled, under ***Moore v. State***, 458 S.W.3d 822, 825 (Mo. banc 2015), to examine the issue of timeliness of Wright's motion for post-conviction relief. Wright's *pro se* motion for post-conviction relief was timely filed.[3] Following appointment of counsel on June 24, 2014, a complete transcript was filed June 25, 2014, starting the 60-day time period to file an amended motion. *See* Rule 24.035(g). The amended motion was due on August 25, 2014. Appointed counsel did not enter his appearance until August 26, 2014, and did not file an amended motion until October 23, 2014, making the amended motion untimely.

Despite the untimely amended motion, the motion court held an evidentiary hearing on Wright's amended motion for post-conviction relief on July 7, 2015. On October 1, 2015, the motion court entered an order denying post-conviction relief. The order correctly recited that the amended motion was untimely, but proceeded to reject Wright's amended motion on the merits "[i]n the interests of justice." However, where, as here, appointed counsel files an untimely amended motion, a presumption of abandonment is raised per ***Moore***. The motion court was

---

[3] Wright's probation was revoked on April 14, 2014, and an order was entered that same day for transport to the Department of Corrections. Wright filed his *pro se* motion on May 21, 2014, which was within the 180-day deadline. *See* Rule 24.035(b).

required to conduct an independent inquiry into whether Wright was abandoned by appointed counsel, *Moore*, 458 S.W.3d at 825, which it failed to do.

Pursuant to *Moore*, we must "reverse the motion court's decision outright, and remand the matter for a determination of abandonment and further proceedings consistent with the motion court's inquiry." *Mann v. State*, 475 S.W.3d 208 (Mo.App. E.D. 2015); *accord* *Lomax v. State*, 471 S.W.3d 358, 359 (Mo.App. E.D. 2015).

The judgment of the motion court is reversed and remanded for further proceedings consistent with this opinion.

WILLIAM W. FRANCIS, JR., J. – AUTHOR

NANCY STEFFEN RAHMEYER, J. - CONCURS

GARY W. LYNCH, J. - CONCURS