PER CURIAM.
Eric Williams (Williams) appeals from the motion court’s order denying Williams’ *613 amended Rule 29.15 post-conviction motion after an evidentiary hearing.[1] Because the amended motion was not timely filed and the motion court did not conduct an independent inquiry into abandonment by counsel, we reverse and remand for further proceedings.
We set forth only those facts necessary to complete our review. Williams was convicted by a jury of three counts of first-degree statutory rape and one count of first-degree statutory sodomy. See §§ 566.032, 566.062. The trial court imposed concurrent sentences of 20 years’ imprisonment for each rape count and 45 years for the sodomy count. This Court affirmed Williams’ convictions and sentences on appeal. See State v. Williams, 329 S.W.3d 700 (Mo.App.2010). Mandate issued on January 25, 2011. On March 31, 2011, Williams filed a timely pro se Rule 29.15 motion to vacate, set aside, or correct his convictions. See Rule 29.15(b) (requiring the initial motion to be filed within 90 days after appellate court mandate is issued).
On April 18, 2011, the motion court appointed counsel. On May 16, 2011, the motion court granted counsel’s request for an additional 30 days to file the amended motion. See Rule 29.15(g). Counsel filed the amended motion on Tuesday, July 19, 2011. Thereafter, the motion court conducted an evidentiary hearing and denied Williams’ amended Rule 29.15 motion on the merits. This appeal followed.
We are compelled, per Moore v. State, 458 S.W.3d 822, 825 (Mo.banc 2015), to independently determine whether Williams’ amended Rule 29.15 motion for post-conviction relief was timely filed. See Wright v. State, 488 S.W.3d 263, 264 (Mo. App.2016); Laub v. State, 481 S.W.3d 579, 583 (Mo.App.2015). Rule 29.15(g) governs the determination of the allowable time period for counsel to file an amended motion. In relevant part, that subpart of the rule states:
If an appeal of the judgment sought to be vacated, set aside, or corrected is taken, the amended motion shall be filed within sixty days of the earlier of: (1) the date both the mandate of the appellate court is issued and counsel is appointed or (2) the date both the mandate of the appellate court is issued and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant. The court may extend the time for filing the amended motion for one additional period not to exceed thirty days.
Id, Mandate had issued and counsel had been appointed as of April 18, 2011. The motion court granted counsel an additional 30 days to file the amended motion. Therefore, counsel had 90 days after April 18, 2011, to file the amended motion. That 90-day time period ended on Sunday, July 17, 2011. Because the last day was a Sunday, the actual deadline for filing the amended motion was extended to Monday, July 18, 2011. See Rule 44.01(a). The amended motion was filed Tuesday, July 19, 2011, which was one day too late.
When appointed counsel files an untimely amended motion, a presumption of abandonment arises. See Moore, 458 S.W.3d at 825. Therefore, the motion court was required to conduct an independent inquiry into whether Williams was abandoned by appointed counsel. Because no such inquiry was conducted, we must reverse the motion court’s order. See Wright, 488 S.W.3d at 264. We remand the *614 matter for an independent inquiry into abandonment and further proceedings consistent with the motion court’s decision on that issue. See id.

. All rule references are to Missouri Court Rules (2016). All statutory references are to RSMo Cum. Supp. (2007).