Mario G. RHODES, Appellant,

v.

STATE of Missouri, Respondent.

ED 104055

Missouri Court of Appeals, Eastern District, **DIVISION FOUR**.

Filed: March 7, 2017

Maleaner R. Harvey, St. Louis, MO, for Appellant.

Joshua D. Hawley, Mary H. Moore, Jefferson City, MO, for Respondent.

Gary M. Gaertner, Jr., Judge

### Introduction

Mario G. Rhodes (Movant) appeals the motion court's denial of his motion for post-conviction relief under Rule 24.035[1] without an evidentiary hearing. Because we are unable to determine the timeliness of his amended motion, we must reverse.

### Background

Movant pled guilty to one count of assault in the first degree, one count of armed criminal action, one count of unlawful use of a weapon, and assault in the third degree. The plea court sentenced Movant to concurrent prison terms totaling ten years. Movant timely filed a *pro se* motion for post-conviction relief under Rule 24.035, alleging several claims of ineffective assistance of counsel during his trial in this case, which he claimed induced him to change his plea to guilty involuntarily.

On February 4, 2015, the motion court appointed counsel to Movant, and on April 14, 2015, post-conviction counsel entered her appearance on Movant's behalf. That same day, appointed counsel requested a 30–extension of the time period for filing the amended motion. There is nothing in the record indicating whether the motion court ruled on this request. Counsel filed the amended motion on August 13, 2015. The motion court denied Movant's request for an evidentiary hearing and entered findings of fact and conclusions of law regarding the amended motion. The motion court's order stated "Movant's Motion and Amended Motion ... [are] hereby OVERRULED and DENIED." This appeal follows.

### Discussion

As a threshold matter, the State argues that we must remand because it is unclear from the record whether Movant's motion was timely. We agree.

Before reaching the merits of an appeal of a motion under Rule 24.035, we must examine the timeliness of the amend-

---

1. All rule references are to Mo. R. Crim. P. (2014) unless otherwise indicated.

ed motion. Austin v. State, 484 S.W.3d 830, 832 (Mo. App. E.D. 2016) (citing Moore v. State, 458 S.W.3d 822 (Mo. banc 2015)). Rule 24.035 provides, in relevant part, that "the amended motion shall be filed within sixty days of the earlier of: (1) the date both a complete transcript consisting of the guilty plea and sentencing hearing has been filed in the trial court and counsel is appointed[.]" Rule 24.035(g). The motion court may also choose to grant a 30–day extension of time in which to file the amended motion. Rule 24.035(g).

Here, there is no record of the guilty plea and sentencing transcript being filed in the motion court. We can infer from counsel's request for additional time to file the amended motion that it had not been filed as of April 14, 2015, but there is no docket entry reflecting any transcript filing and there is no file stamp date on the copy of the transcript in the legal file on appeal. There is no indication that the motion court granted the 30–day extension. Additionally, the motion court's judgment states that it takes up Movant's "Motion *and* Amended Motion" (emphasis added). However, the motion court went on to make findings upon the claims raised in Movant's amended motion without making any finding regarding the timeliness of the motion.

■ Thus, we are unable to determine from the record whether Movant's amended motion was timely filed. "The time limits for filing a post-conviction motion are mandatory. ... Arguments raised for the first time in [an] amended motion filed after the time limit ... are barred from consideration." Moore v. State, 458 S.W.3d 822, 827 (Mo. banc 2015) (quoting Stanley v. State, 420 S.W.3d 532, 540 (Mo. banc 2014)). Determining whether an amended motion was timely is necessary because if it was untimely filed, such filing would trigger the motion court's duty to conduct an independent inquiry into whether Movant was abandoned, which in turns determines which motion the court should adjudicate. See Sanders v. State, 807 S.W.2d 493, 494–95 (Mo. banc 1991). Due to the ambiguity in the record here, we cannot discern the timeliness of Movant's motion, and we are thus unable to fulfill our duty to enforce the mandatory time limits of Rule 24.035. Accordingly, we must reverse and remand to the trial court to make findings regarding whether Movant's motion was timely, and in the event of untimely filing, conduct an inquiry regarding whether Movant was abandoned by counsel. See Austin, 484 S.W.3d at 833.

### Conclusion

We reverse the judgment of the motion court and remand the case for further proceedings consistent with this opinion.

James M. Dowd, P.J., concurs.

Kurt S. Odenwald, J., concurs.