Gary M. Gaertner, Jr., Judge
Introduction
Yancey L. White ("Movant") appeals from the judgment denying his Rule 29.15 motion for post-convict ion relief after an evidentiary hearing. Because Movant's appointed counsel filed an untimely amended Rule 29.15 motion and the motion court did not conduct an independent abandonment inquiry, we reverse and remand.
Background
A jury convicted Movant of three counts of robbery in the first degree and three counts of armed criminal action and this Court affirmed his convictions.
*485 State v. White, 365 S.W.3d 255 (Mo. App. E.D. 2012). This Court issued its mandate on May 29, 2012.
Movant timely filed a pro se Rule 29.15 motion on July 27, 2012. The motion court appointed the public defender to represent Movant. On September 17, 2012, appointed counsel entered her appearance and moved for an additional thirty days to file an amended motion. In this motion, counsel stated that "[t]he Office of Appellate Defender, Eastern District, was appointed/designated to represent [M]ovant on August 2, 2012, making [M]ovant's amended motion due on or about October 1, 2012 ...." The motion court granted the thirty-day extension to file the amended motion. Counsel filed an amended motion on November 1, 2012. The motion court held an evidentiary hearing and thereafter issued findings of fact and conclusions of law, and entered judgment denying Movant's amended motion. Movant appeals.
Discussion
Movant raises three points on appeal. The State contends that Movant's amended motion was untimely filed and the case should be remanded to the motion court to determine if the untimely filing was due to abandonment by Movant's counsel. We agree.
The appointment of counsel for an indigent movant triggers the running of the time for counsel to file an amended motion under Rule 29.15(g). Watson v. State, 536 S.W.3d 716, 717 (Mo. banc 2018). Rule 29.15(g) states that the amended motion must be filed:
... within sixty days of the earlier of: (1) the date both the mandate of the appellate court is issued and counsel is appointed or (2) the date both the mandate of the appellate court is issued and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant.
At the time Movant filed his motion, Rule 29.15(g) further provided that the "court may extend the time for filing the amended motion for one additional period not to exceed 30 days." "No other extensions were permitted." Id. at 718.[1]
In the present case, our mandate was issued on May 29, 2012. According to Movant, the motion court appointed counsel on August 2, 2012, and this triggered the start of the sixty-day time limit for filing the amended motion. Movant therefore had until October 1, 2012 to file the amended motion.[2] The motion court granted an additional thirty days to file the amended motion. Accordingly, the amended motion was due on October 31, 2012. The filing of the amended motion on November 1, 2012 was untimely.
When an appointed counsel files an untimely amended post-conviction motion this can constitute abandonment, which extends the time limitations for filing an amended Rule 29.15 motion.
*486 Moore, 458 S.W.3d at 825. If the amended motion was untimely filed, the motion court is the appropriate forum to make an independent inquiry to determine if abandonment occurred. Id. [3] If the motion court finds that the movant has not been abandoned, then the motion court should not permit the filing of the amended motion and should proceed with adjudicating the movant's initial motion. Id. But if the motion court determines that appointed counsel abandoned the movant then the court should permit the untimely filing of the amended motion. Id. at 826.
In the present case, the motion court did not make an independent inquiry to determine if Movant was abandoned. Accordingly, the cause must be remanded.
Conclusion
The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.
Kurt S. Odenwald, P. J., concurs.
Colleen Dolan, J., concurs.

Effective January 1, 2018, Rule 29.15(g) allows further extension of the time for filing an amended motion and the rule now states that, "[t]he court may extend the time for filing the amended motion or statement in lieu of an amended motion, with no extension exceeding 30 days individually and the total of all extensions not to exceed 60 days."

The order appointing counsel is file stamped August 1, 2012, but the docket sheet shows a date of August 2, 2012 for the order. Regardless, if the appointment was on August 1, 2012 then the amended motion would have been due on October 1, 2012 because September 30, 2012 was a Sunday. Moore v. State, 458 S.W.3d 822, 825 n.2 (Mo. banc 2015) ; Wilson v. State, 495 S.W.3d 827, 830 (Mo. App. E.D. 2016).

If the motion court adjudicates, with written findings of fact and conclusions of law, all of the claims in both the pro se and amended motions then remand is not necessary. Huffman v. State, 493 S.W.3d 892, 896 n.1 (Mo. App. E.D. 2016). Here, the motion court only adjudicated the claims set forth in the amended motion and there were claims in Movant's pro se motion that were not adjudicated.