

# Missouri Court of Appeals
## Southern District
### Division One

BILLIE JOE BORSCHNACK,      )
                                     )

      Movant-Appellant,      )

                                     )

vs.                                  )     No. SD35659

                                     )

STATE OF MISSOURI,        )     Filed February 20, 2019

                                     )

      Respondent-Respondent.     )

### APPEAL FROM THE CIRCUIT COURT OF DUNKLIN COUNTY

### Honorable Joe Z. Satterfield

### REVERSED AND REMANDED WITH INSTRUCTIONS

Billie Joe Borschnack ("Movant") sought postconviction relief ("PCR") by a Rule 29.15 motion and now appeals the motion court's judgment denying him that relief.[1] The record on appeal establishes that a presumption arose in the motion court proceedings that Movant was abandoned by his court-appointed counsel. Because the record is not sufficient, however, for this court to determine on appeal whether the motion court's finding of actual abandonment by appointed counsel is not clearly erroneous, we reverse the judgment and remand the case to the motion court.

---

[1] All rule references are to Missouri Court Rules (2016).

**Factual and Procedural Background**

By judgment entered on May 27, 2015, following a bench trial, Movant was convicted of assault in the first degree, *see* section 565.050, RSMo 2000, and sentenced to incarceration in the Department of Corrections for fifteen years. This court affirmed that judgment by mandate issued on March 3, 2016, in SD33932. Movant filed a Rule 29.15 PCR motion (the "initial PCR motion") on April 29, 2016, along with his completed "Forma Pauperis Affidavit."

Four days later, on May 3, 2016, the motion court entered an order appointing "the Eastern Appellate/PCR Division for the State Public Defender" to represent Movant ("appointed counsel"). The order also granted an additional thirty-day extension for filing an amended motion.

The motion court's appointment order also directed the clerk to mail a copy of the order, the docket sheet, and the initial PCR motion, along with copies of the docket sheets, informations, and judgments in the underlying criminal case to the "Office of the Eastern Appellate/PCR Division, State Public Defender, 1010 Market Street, Suite 1100, St. Louis, Missouri 63101." The order further provided that "Clerk shall certify and make a part of the court file the date on which above documents were mailed to Eastern Appellate/PCR Division." No such certification or any other indication of the date that the clerk mailed such documents as directed is found in the motion court's docket sheet or anywhere else in the record on appeal.[2] The record reveals, however, that no attorney associated in any manner with the State Public Defender ever filed an entry of appearance or anything else on Movant's behalf in the motion court in this case.

---

[2] Similarly, Rule 29.15(c) provides, in relevant part, "If the motion is filed by an indigent pro se movant, the clerk shall forthwith send a copy of the motion to the counsel who is appointed to represent the movant." While the clerk here may have fulfilled this duty, nothing in the record on appeal so indicates.

On January 23, 2017, Kevin L. Schriener filed his entry of appearance as Movant's retained counsel ("retained counsel"). Nothing in this document or elsewhere in the record on appeal indicates that appointed counsel was given notice of this filing or that Movant had taken any action to terminate his court-ordered representation by appointed counsel. Retained counsel then filed, on March 7, 2017, a "Motion to Determine Appointed Counsel's Abandonment and Allow Additional Time for Filing of Amended Motion by Retained Counsel." Nothing in the record indicates that a copy of this motion was served upon appointed counsel. The motion court scheduled this motion for hearing on April 12, 2017. Nothing in the record indicates that appointed counsel was notified of this setting. On that date, the docket sheet reflects the following docket entry:

> 04/12/2017 **Hearing Held**
>
> **Scheduled For**: 04/12/2017 09:00 AM **Judge:** ROBERT N MAYER; **Room**: Courtroom A
>
> PETITIONER APPEARS BY ATTORNEY KEVIN SCHRIENER; COURT GRANTS ADDITIONAL 90 DAYS FOR PETITIONER TO FILE AMENDED PETITION.

Movant and the State concede that no other record of this hearing exists and that nothing in the record on appeal otherwise purports to support an abandonment determination by the motion court. Ninety days later, on July 11, 2017, retained counsel filed an amended Rule 29.15 motion (the "amended PCR motion").

Based upon a stipulated record, the motion court entered its Judgment, Findings of Fact, and Conclusions of Law on July 10, 2018.[3] The motion court concluded that Movant's amended PCR motion was not timely filed and denied Movant's initial PCR motion, finding its conclusory

---

[3] The Honorable Robert N. Mayer recused on May 31, 2018, and on June 8, 2018, the supreme court assigned the Honorable Joe Z. Satterfield to the case.

ineffective assistance of counsel claim meritless. Movant timely appeals the motion court's judgment.

## Applicable Legal Principles

"This Court reviews an order overruling a Rule 29.15 motion for postconviction relief to determine whether the motion court's findings of fact and conclusions of law are clearly erroneous." *McFadden v. State*, 553 S.W.3d 289, 298 (Mo. banc 2018) (internal quotation marks and citations omitted). "This standard is met if the appellate court is left with a definite and firm impression that a mistake has been made." *Id.*

Both the motion court and this appellate court have a duty to enforce the Rule 29.15 mandatory time limits. *Bearden v. State*, 530 S.W.3d 504, 506 (Mo. banc 2017); *Price v. State*, 422 S.W.3d 292, 297 (Mo. banc 2014).[4] Compliance with these time limits cannot be waived. *Id.*

If an appeal of the judgment or sentence sought to be vacated, set aside, or corrected is taken, an initial PRC motion must be filed within 90 days after the date the mandate of the appellate court issues affirming such judgment or sentence. Rule 29.15(b). In that scenario, an amended PCR motion

> must be filed within sixty days of the earlier of: (1) the date both the mandate of the appellate court is issued and counsel is appointed or (2) the date both the mandate of the appellate court is issued and an entry of appearance is filed by any counsel that is not appointed but enters an appearance on behalf of movant. The court may extend the time for filing the amended motion for one additional period not to exceed thirty days.

---

[4] Case law interpreting a provision that is identical in Rules 24.035 and 29.15 applies equally in proceedings under either rule. *Propst v. State*, 535 S.W.3d 733, 736 n.4 (Mo. banc 2017); *Vogl v. State*, 437 S.W.3d 218, 224 n.7 (Mo. banc 2014). All Rule 24.035 cases cited in this opinion fall within this category as related to the Rule 29.15 provisions implicated in this appeal.

Rule 29.15(g). "'[T]he effective date of appointment of counsel is the date on which the office of the public defender is designated[.]'" ***Stanley v. State***, 420 S.W.3d 532, 540 (Mo. banc 2014) (quoting ***State v. White***, 813 S.W.2d 862, 864 (Mo. banc 1991)).

When counsel is appointed by the court, such counsel's failure "to file either an amended motion or a statement in lieu of an amended motion within the 60-day deadline creates a presumption of abandonment." ***Latham v. State***, 554 S.W.3d 397, 404 (Mo. banc 2018). When a presumption of abandonment arises, "the motion court is obligated to conduct an independent inquiry to determine whether the movant was actually abandoned." ***Milner v. State***, 551 S.W.3d 476, 479–80 (Mo. banc 2018). "When the independent inquiry is required but not done, this Court will remand the case because the motion court is the appropriate forum to conduct such an inquiry." ***Moore v. State***, 458 S.W.3d 822, 826 (Mo. banc 2015). When making a required independent inquiry the motion court should

> inquire not only of postconviction counsel, but ensure that movant is informed of counsel's response and given an opportunity to reply. The method of making this inquiry may be as formal or informal as the motion court deems necessary to resolve the question of abandonment by counsel, including, but not limited to, a written response and opportunity to reply, a telephone conference call, or a hearing.[5] *However, a sufficient record must be made to demonstrate on appeal that the motion court's determination on the abandonment issue is not clearly erroneous.*

***McDaris v. State***, 843 S.W.2d 369, 371 n.1 (Mo. banc 1992) (emphasis added). In the absence of a sufficient motion court record to make that demonstration on appeal, the motion court's judgment should be reversed and the case remanded with instruction for the motion court to

---

[5] Because postconviction counsel may face licensure discipline arising from an abandonment determination, *McDaris*, 843 S.W.2d at 371 n.1, a motion court should consider, given the unique and particular procedural posture of the case then before it, whether an appointed postconviction counsel, at a minimum, should be given timely and adequate notice of the existence of the motion court's independent inquiry in that case.

make an independent inquiry on the abandonment issue, which is capable of being reviewed by an appellate court. *Milner*, 551 S.W.3d at 480.

### Analysis

Movant's initial PCR motion was timely because it was filed 57 days after the issuance of this court's mandate affirming his judgment of conviction and sentence. *See* Rule 29.15(b) (PCR motion must be filed within 90 days after mandate affirming judgment or sentence is issued).

Four days after that filing, the motion court appointed counsel for Movant, *see **Stanley***, 420 S.W.3d at 540, and granted a 30-day extension of time within which to file an amended motion, *see* Rule 29.15(g). Because no entry of appearance by an attorney on Movant's behalf had been filed earlier, the motion court's appointment of counsel triggered the beginning of the time within which an amended motion could have been filed. *See* Rule 29.15(g). The 60 days expressly allowed by Rule 29.15(g) and the 30-day extension of time granted by the motion court under that rule made any amended motion fall due by August 1, 2016. Similarly, any statement in lieu of an amended motion, as allowed by Rule 29.15(e), was required to be filed within this same time. *Latham*, 554 S.W.3d at 404.

Neither an amended motion nor a statement in lieu of an amended motion was filed on or before the due date of August 1, 2016. Such failure gives rise to a presumption of abandonment by appointed counsel. *Id.* The motion court, therefore, was "obligated to conduct an independent inquiry to determine whether the movant was actually abandoned." *Milner*, 551 S.W.3d at 479–80.

Movant asserts and we assume, without deciding, that the motion court conducted an independent inquiry on April 12, 2017, and made a determination that appointed counsel

abandoned Movant.[6] The motion court on that date, nevertheless, failed to make any record, much less a sufficient record, of its inquiry to demonstrate on appeal that its determination of abandonment is not clearly erroneous. *See McDaris*, 843 S.W.2d at 371 n.1. The absence of such a record prevents us from executing our duty, which is separate from and independent of the motion court's duty, to enforce the Rule 29.15 mandatory time limits. *See Bearden*, 530 S.W.3d at 506; *Price*, 422 S.W.3d at 297. We, therefore, must reverse the judgment and remand the case to the motion court for the development of a sufficient record for appellate review. *See Milner*, 551 S.W.3d at 480.

## Decision

The motion court's judgment is reversed, and the case is remanded to the motion court with instructions to make an independent inquiry on the abandonment issue, which is capable of being reviewed by an appellate court; to make an abandonment determination based upon the record made of such inquiry; and then to proceed with the case accordingly.

GARY W. LYNCH, J. – OPINION AUTHOR

DON E. BURRELL, JR., P.J. – concurs

NANCY STEFFEN RAHMEYER, J. – concurs

---

[6] The motion court's findings of fact included a finding that "[o]n April 12, 2017, the Honorable Robert N. Mayer found that appointed counsel had abandoned movant by failing to file an entry of appearance or amended motion."