

# Missouri Court of Appeals

### Southern District

### Division One

BILLIE J. BORSCHNACK,                )
                                     )
    Movant-Appellant,        )
                                     )
    vs.                      )       No. SD36451
                                     )       Filed:  October 29, 2020
STATE OF MISSOURI,                   )
                                     )
    Respondent-Respondent.   )

### APPEAL FROM THE CIRCUIT COURT OF DUNKLIN COUNTY

Honorable Joe Z. Satterfield, Judge

**<u>AFFIRMED</u>**

Billie J. Borschnack ("Borschnack"), appeals from the motion court's denial of Rule 29.15[1]

relief.  In one point on appeal, Borschnack argues that the motion court clearly erred in finding

that "appointed counsel" did not abandon Borschnack, and that retained counsel's subsequent

amended motion was untimely.  Finding no merit to this point, we affirm the judgment of the

motion court.

---

[1] All rule references are to Missouri Court Rules (2016).

**Factual and Procedural Background**

We recite the facts in accord with the findings of the motion court, including those as to credibility. *See **Hosier v. State***, 593 S.W.3d 75, 81 (Mo. banc 2019). We recite such other material as necessary for context to our instant disposition.

This case involves multiple proceedings relating to the application of Rule 29.15, and a preliminary discussion of that rule is necessary to frame the procedural and substantive import of the more particular facts and litigation history attending this matter. Our Supreme Court set out the following overview of Rule 29.15 in ***Price v. State***, 422 S.W.3d 292 (Mo. banc 2014):

> [T]here is no federal constitutional right to post-conviction proceedings. [*Pennsylvania v*.] *Finley*, 481 U.S. [551,] 557, 107 S.Ct. 1990 [95 L.Ed.2d 539 (1987)]. Because the state is not compelled to provide such proceedings, it is not required by the federal constitution to provide counsel to indigent inmates when the state—in its discretion—makes such proceedings available. *Smith*, 887 S.W.2d at 602. Under the predecessor to Rule 29.15, however, this Court decided that appointing counsel for all indigent inmates who assert post-conviction claims was the best way to further the purpose of ensuring thorough review without undue delay in achieving finality of criminal convictions. *Fields v. State*, 572 S.W.2d 477, 483 (Mo. banc 1978) ('Finality is a central aspect of rule 27.26. If a meritorious collateral claim exists, the rule is designed to bring it to the fore promptly and cogently').
>
> Rule 29.15(e) continues this policy and provides that counsel will be appointed for all indigent inmates if, but only after, the inmate timely files his initial motion. The lack of any constitutional right to counsel in post-conviction proceedings, however, precludes claims based on the diligence or competence of post-conviction counsel (appointed or retained), *Reuscher v. State*, 887 S.W.2d 588, 590 (Mo. banc 1994), and such claims are 'categorically unreviewable.' *Eastburn* [*v. State*], 400 S.W.3d [770,] 774 [(Mo. banc 2013)]; *State v. Ervin*, 835 S.W.2d 905, 929 (Mo. banc 1992) (same); *Lingar v. State*, 766 S.W.2d 640, 641 (Mo. banc 1989) (same). With two such important policies (i.e., the Court's decision to provide counsel for all indigent inmates and the Court's steadfast refusal to acknowledge claims based on the ineffectiveness of post-conviction counsel), a collision was bound to occur. *Luleff* [*v. State*, 807 S.W.2d 495 (Mo. banc 1991)] and *Sanders* [*v.* State, 807 S.W.2d 493 (Mo. banc 1991)] mark the Court's resolution of that conflict.

When counsel is appointed under Rule 29.15(e), this rule requires this counsel to investigate the claims raised in the inmate's timely initial motion and then file either an amended motion or a statement explaining why no amended motion is needed. Performance of these duties is essential because the limited scope of appellate review under Rule 29.15(j) assumes that 'the motion court and appointed counsel will comply with all provisions of the rule.' *Luleff*, 807 S.W.2d at 497–98. Therefore, *Luleff* balances the Court's need to enforce the requirements of Rule 29.15(e) and its unwillingness to allow ineffective assistance claims regarding post-conviction counsel by holding that a 'complete absence of performance' by appointed counsel is tantamount to a failure of the motion court to appoint counsel under Rule 29.15(e) in the first instance. *Id.* at 498. Under either scenario, the integrity of the procedures set forth in the rule are compromised and the case cannot proceed as Rule 29.15(e) intends. *Id.* Accordingly, *Luleff* holds that the only way to restore the motion court and parties to the position Rule 29.15(e) intends for them is for the motion court to appoint new counsel and allow additional time for this counsel to perform the duties required by Rule 29.15(e). *Id.* at 497–98.

In *Sanders*, decided the same day as *Luleff*, there was no 'complete absence of performance' by appointed counsel. Instead, appointed counsel decided that an amended motion was necessary to raise all of the inmate's claims properly, but then failed to file the amended motion in a timely manner. *Sanders*, 807 S.W.2d at 494-95. Under this Court's prior cases and the language of the rule, the amended motion should have been dismissed and the inmate allowed to proceed only on the claims raised in his timely initial motion. *Id.* at 494. The Court refused to take this approach, however. Instead, *Sanders* holds that the purposes of Rule 29.15(e) are frustrated as much by appointed counsel's failure to follow through with a timely amendment as by the 'complete absence of performance' in *Luleff. Id.* Rather than have the motion court appoint new counsel as in *Luleff*, however, *Sanders* holds that the motion court need only treat the tardy amendment as timely in order to restore the intended effect of Rule 29.15(e). *Id.*

Accordingly, the rationale behind the creation of the abandonment doctrine in *Luleff* and *Sanders* was not a newfound willingness to police the performance of postconviction counsel generally. Instead, the doctrine was created to further the Court's insistence that Rule 29.15(e) be made to work as intended. Extensions of this doctrine that do not serve this same rationale must not be indulged.

*Price*, 422 S.W.3d at 297-98.

### *Litigation History*

Following a bench trial, Borschnack was convicted of first-degree assault. Borschnack was sentenced to fifteen years in prison, as a prior and persistent offender.

3

Borschnack filed his direct appeal to this Court, and we affirmed his conviction in an unpublished statement.  *State v. Borschnack*, SD33932.  Mandate was issued on March 3, 2016.

On April 29, 2016, Borschnack timely filed his *pro se* "Motion to Vacate, Set Aside or Correct the Judgment or Sentence," along with his "Forma Pauperis Affidavit."

On May 3, 2016, the motion court entered an order ("the order of appointment") appointing the public defender to represent Borschnack.  It also granted an extension to file an amended post-conviction motion, setting the deadline for August 1, 2016 (*i.e.*, 90 days after the date of appointment).  There was nothing in the record to indicate the court clerk notified the public defender's office about this appointment and order.  The public defender's office never filed an amended motion or otherwise took any action on Borschnack's behalf.

Thereafter, Borschnack retained private counsel and on January 23, 2017, retained counsel entered his appearance on behalf of Borschnack.  On March 7, 2017, retained counsel filed a "Motion to Determine Appointed Counsel's Abandonment and Allow Additional Time for Filing of Amended Motion by Retained Counsel."

Following an April 12, 2017 hearing on Borschnack's motion, the motion court entered the following docket entry:

> PETITIONER APPEARS BY [RETAINED] ATTORNEY . . . COURT GRANTS ADDITIONAL 90 DAYS FOR PETITIONER TO FILE AMENDED PETITION.

Ninety days after the motion court entered this order (169 days after retained counsel's entry of appearance), Borschnack's retained counsel filed an amended Rule 29.15 motion for post-conviction relief on July 11, 2017.

4

On July 10, 2018, the motion court[2] entered its "Judgment" and "Findings of Fact and Conclusions of Law" based upon a stipulated record. The motion court found that Borschnack's amended motion was not timely filed by retained counsel. The motion court then took up and denied Borschnack's initial Rule 29.15 motion, finding it only made a conclusory allegation of ineffective assistance of counsel, without any substantive factual assertions. Borschnack appealed the judgment.

In *Borschnack v. State*, 568 S.W.3d 914 (Mo.App. S.D. 2019), this Court found that the record on appeal established a presumption that Borschnack was abandoned by his court-appointed counsel. *Id.* at 918. This Court further found that the record was not sufficient to determine whether the motion court's implicit[3] finding of actual abandonment by appointed counsel was clearly erroneous, so it reversed and remanded with instructions to the motion court to "make an independent inquiry on the abandonment issue, which is capable of being reviewed by an appellate court; to make an abandonment determination based upon the record made of such inquiry; and then to proceed with the case accordingly." *Id.* at 920. Mandate issued on March 8, 2019.

On March 13, 2019, the motion court issued its "Order Requiring Discovery/Evidence on Issue of Abandonment and Order Requiring Deposition of Movant on Issue of Abandonment and Order Authorizing Depositions of Other Witnesses on Issue of Abandonment."

Thereafter, the parties took the depositions of Borschnack, District Defender Kristina Starke Olson ("Olson") of the Appellate Post Conviction East A Office, Area 51, in St. Louis, Missouri, and District Defender Gwenda Renee Robinson ("Robinson") of the Appellate Post Conviction East B Office, Area 51, in St. Louis, Missouri.

---

[2] We observe that the judge initially assigned to this case recused, and Judge Satterfield was appointed on June 8, 2018.

[3] *See **Borschnack***, 568 S.W.3d at 919 n.6.

Borschnack testified in his deposition that on April 29, 2016, he filed his *pro se* Rule 29.15 motion, and that he received a return copy of the motion stamped by the court clerk showing that the motion had been received and filed. He further testified that on May 3, 2016, he received a copy of the order of appointment, appointing a public defender to represent him and was granted an additional 30 days to file an amended motion. Borschnack stated that he was never contacted by a public defender; he wanted an amended motion filed and never told a public defender otherwise; and he took no action that would have prevented a public defender from filing an amended motion.

Olson testified she was the district defender for the "Missouri State Public Defender Appellate Post Conviction East A Office" in St. Louis, Robinson was the district defender of the "East B office," and that these two offices covered all post-conviction motions filed in the courts of the Bootheel, including Dunklin County. Olson stated that appointments from Dunklin County are received through the mail by way of the U. S. Postal Service when the Dunklin County Circuit Court issues, and the clerk mails, a formal order of appointment to their office. Once that order of appointment is received, she and Robinson confer and decide whether Office A or Office B will handle the case, whereupon an attorney from the selected office is assigned. Olson was not aware of any order of appointment from the Dunklin County Circuit Court regarding Borschnack's post-conviction motion; she had no record of any such appointment being made, sent to or received in her office's assignment book, which is used to log all such incoming appointment orders; and that she had no recollection of ever talking with Borschnack, and was unaware of anyone in her office having spoken with Borschnack.

Robinson's testimony was consistent with Olson's. In relevant part, Robinson testified she did not recall opening a case for Borschnack, and that her office did not have a record of receiving

6

any paperwork regarding Borschnack's Form 40. Robinson also testified that she reviewed her office's intake sheet, which would have created a paper trail if any such paperwork or assignment had been received, and found no record of her office receiving any paperwork or assignment relating to Borschnack.

On June 11, 2019, Borschnack's retained counsel filed a notice that depositions had been taken and filed with the motion court. On June 12, 2019, the motion court issued an order requesting that the parties: (1) advise if the discovery and evidence conducted and submitted concluded the evidence to be presented on the abandonment issue; (2) advise whether the parties wanted to present the issue to the court by hearing, telephone conference call or by a written response and opportunity to reply; (3) that "appointed post-conviction counsel should be given timely and adequate notice of the existence of the motion court's independent inquiry since if found to have been appointed and found to have abandoned [Borschnack], then they could face disciplinary action[]"; and (4) advised that the court would not proceed unless the District Defender of the Missouri State Public Defender, PCR Division, participates or declines to participate by so advising the motion court.

On July 24, 2019, Borschnack's retained counsel filed a response indicating the parties agreed the evidence was closed, and the parties wished to proceed by written response and reply. In addition, Borschnack's retained counsel advised Robinson and Olson would respond as to whether they wanted to further participate in the abandonment inquiry. On the same date, Olson and Robinson responded that they provided all the information they had in their depositions, that they had nothing further to add, and that they declined to participate further, unless ordered by the motion court.

On September 16, 2019, Borschnack, by his retained counsel, filed his written response and argument on the abandonment issue.

On October 23, 2019, the motion court entered its "Judgment" and "Findings of Fact and Conclusions of Law," denying Borschnack's motion. The motion court's findings, as relevant here, stated:

> In his written memorandum to this Court movant relies exclusively on ***Luleff v. State***, 807 S.W.2d 495 (Mo. 1991) for the proposition that this court should find that the public defender abandoned movant and therefore this court should appoint new counsel and should allow the newly appointed counsel time to amend movant's *pro se* motion.
>
> However the facts surrounding the abandonment issue in ***Luleff*** are distinguishable from this case. In that case the Supreme Court found that "*On the day movant filed his motion for post-conviction relief, June 28, 1988, the circuit court appointed a public defender to represent movant. It appears from the record that counsel was notified of the appointment on July 1, 1988. . . . . There is no entry of appearance.*" ***Luleff* at page 498. (emphasis added).**
>
> In this case, there is absolutely no evidence that the public defender post-conviction offices received the order of appointment entered by Judge Mayer. In fact all the credible evidence is to the contrary. District Defenders Kristina Starke Olson and Gwenda Renee Robinson, being the public defenders who oversaw the only two offices that would have received the order of appointment, testified that they had not received such an order in movant's case and that the written records in their office confirmed such.
>
> Further, the docket entries in this case do not reflect that the clerk forwarded the Order of Appointment and other documents to the public defender, even though Judge Mayer ordered that such a docket entry confirming such be made after the order was actually sent. Therefore, it appears from the testimony presented and the actual court record that the clerk failed to fulfill that duty. There is nothing in the court record to indicate that the order was sent to or received by the public defenders or that the public defenders were ever aware of the attempted order of appointment.
>
> Given the evidence presented, this court cannot find that the public defenders were ever appointed or that the public defenders failed to fulfill their obligations under Rule 29.15 (e) and (g). Finding abandonment by the public defenders under these facts and exposing them to possible disciplinary action would be unjust and is unsupported by the record and this court declines to do so.

This current case is more akin to ***Creighton v. State***, 520 S.W.3d 416 (Mo. 2017), ***Hopkins v. State***, 519 S.W.3d 433 (Mo. 2017), and, ***Allen v. State***, 524 S.W.3d 183 (Mo. App. W.D. 2017) than it is to the ***Luleff*** case.

In those cases the courts held that memorandum/notices issued by the motion courts and sent to and *received* by public defenders advising them that pro se post-conviction motions had been filed, did not constitute appointments of counsel. *Even though the public defenders had actually been notified it **was the same as if counsel had never been appointed**.* The courts held that such notices did not commence the filing time-lines mandated under Rule 29.15 (g). Instead, the filing deadlines commenced when the public defenders, ***considered non-appointed counsel***, entered their appearances in the cases.

Specifically, in ***Creighton***, the motion court issued and sent a memorandum to a public defender on March 8, 2013, notifying him that the defendant had filed a pro se motion for post-conviction relief. The State argued that the memorandum was an appointment of counsel and that the amended motion was untimely. The Supreme Court held that such memorandum was merely a notification and not an appointment of counsel triggering the Rule 29.15 (g) time-lines for filing an amended petition. In that case the public defender subsequently entered his appearance on May 30, 2013, on behalf of movant and filed the amended motion on August 28, 2013. The court held that, "**Movant's public defender, unquestionably qualifies as "*any counsel that is not appointed but who enters an appearance on behalf of movant*.**" Therefore the court held that consistent with the plain language of Rule 29.15 (g), the filing period commenced when Movant's public defender entered his appearance and so the amended motion was timely filed in that case. **Creighton at page 421.**

In this case the court finds that, as in ***Creighton***, ***Hopkins***, **and** ***Allen***, there was never an actual appointment of legal counsel made on movant's behalf based on the above findings, the record and the credibility of the public defender witnesses. To hold otherwise would require this court to find that an order that was never sent to or received by a public defender constituted a valid order of appointment, when, as held in the above cases, a public defender who actually receives notice from a motion court that a pro se post-conviction motion has been filed is not considered appointed by the court.

Further, in this case, as in those cited above, an attorney did subsequently enter his appearance on behalf of the movant and that entry triggered the 29.15 (g) time-lines. But unlike those cases the amended motion in this case was not timely filed after the entry of appearance was filed. Such untimely filing of an amended motion would ordinarily require this court to conduct an abandonment inquiry on that issue, however, the entry of appearance in this case was filed by non-appointed private retained legal counsel. . . . [R]etained private legal counsel do not get the benefit of the abandonment doctrine.

9

(Emphasis in original).[4]

This appeal followed. In one point relied on, Borschnack argues the motion court clearly erred in rejecting his amended Rule 29.15 motion as being untimely filed in that appointed counsel abandoned Borschnack, and retained counsel's motion should therefore have been treated as timely.

## Standard of Review

"A judgment denying postconviction relief will be affirmed unless its findings and conclusions are clearly erroneous. Findings and conclusions are clearly erroneous only when this Court is left with a definite and firm impression that a mistake has been made." *Hamilton v. State*, 598 S.W.3d 607, 610 (Mo. banc 2020) (internal quotation and citation omitted).

## Analysis

Borschnack argues that the motion court clearly erred in "finding that [his] amended Rule 29.15 motion was untimely filed[.]" Specifically, he claims error in "the motion court's finding that appointed counsel could not have abandoned [] Borschnack because the circuit court clerk's office never mailed the order of appointment to the public defender[,] resulting in the time for filing the amended Rule 29.15 motion to begin to run upon retained counsel's entry of appearance[.]" Borschnack suggests this finding "is unsupported by the civil rules and legal authority, [is] contrary to the postconviction rules, and ignores the fact that [] Borschnack was unable to file a timely amended postconviction motion due to the actions of the State." He claims

---

[4] The motion court found that the trial court's order of appointment was not "valid" for lack of mailing or notice. We do not agree. The order of appointment was valid, although it was ***not effective*** such as to trigger appointment of counsel (and Rule 29.15's countdown for appointed counsel's filing of an amended motion). *See* Rule 29.15 ("The procedure to be followed for motions filed pursuant to this Rule 29.15 is governed by the rules of civil procedure insofar as applicable."); Rule 74.02 ("Every direction of a court made or entered in writing and not included in a judgment is an order."). Nevertheless, this distinction is not fatal to the motion court's judgment in this instance, for the reasons discussed more fully *infra*.

prejudice in that "he was denied review of the substantial merits of his amended Rule 29.15 motion to which he was entitled."[5]

"[T]his Court's limited review of Rule 29.15 proceedings is premised on the 'assumption that the motion court and appointed counsel will comply with all provisions of the rule.'" *Gittemeier v. State*, 527 S.W.3d 64, 68-69 (Mo. banc 2017) (quoting *Luleff*, 807 S.W.2d at 498).

> In adopting the abandonment doctrine, this Court altered its traditional stance and 'recognized that the failure to file an amended motion . . . is not merely a claim of ineffective assistance of counsel. Rather, *in such a case it is as if counsel had not been appointed at all*, for counsel has abandoned his or her client.'

*Gittemeier*, 527 S.W.3d at 569 (quoting *Barton v. State*, 486 S.W.3d 332, 336 (Mo. banc 2016)) (emphasis added); *see also Price*, 422 S.W.3d at 298 (equating abandonment by appointed counsel as "*tantamount to a failure of the motion court to appoint counsel under Rule 29.15(e) in the first instance*.") (emphasis added).

Inherent in a motion court's Rule 29.15 duty to appoint counsel is a duty to notify counsel of that appointment—without such notice, the appointment of counsel is not effective. Here, the motion court entered an order purporting to appoint the public defender's office as counsel for Borschnack, but (as the motion court's findings indicate) the court clerk's office failed to send notice of (and the public defender's office did not receive) the trial court's order of appointment. This was not "abandonment"—which is directed solely at the conduct of appointed counsel[6]—

---

[5] The concept (as Borschnack frames it) of being "entitled" to post-conviction proceedings or remedies is strictly confined. *See McFadden v. State*, 553 S.W.3d 289 (Mo. banc 2018):

> Missouri law is well-settled: Individuals convicted of state crimes have no federal constitutional right to a state post-conviction proceeding in the first instance. Any such right to a postconviction proceeding exists only by statute or this Court's rules, and the United States Supreme Court has stated 'we are unwilling to accept [ ] that when a State chooses to offer help to those seeking relief from convictions, the Federal Constitution dictates the exact form such assistance must assume.'

*Id.* at 302 (quoting *Finley*, 481 U.S. at 559, 107 S.Ct. 1990); *Dorris*, 360 S.W.3d at 270 ("Rules 29.15 and 24.035 are different—they do not provide a right for any party. The Rules instead create a procedure for a post-conviction relief system. That system is, at least in part, concerned with preserving the finality of judgment.").

[6] *Gittemeier*, 527 S.W.3d at 68 ("The origins of the abandonment doctrine . . . reflect that the doctrine applies only to appointed counsel.").

11

though the effect was *similar* to abandonment in the respect that it was "as if counsel had not been appointed at all," ***Gittemeier***, 527 S.W.3d at 569 (internal quotation and citation omitted), and "tantamount to a failure of the motion court to appoint counsel . . . in the first instance." ***Price***, 422 S.W.3d at 298.

Thus the motion court's analysis on this issue was correct in that: (1) there was no abandonment by appointed counsel; (2) because there was no abandonment, retained counsel's voluntary entry of appearance on January 23, 2017, began the Rule 29.15 countdown for the filing of an amended motion; (3) the time for filing an amended motion (March 24, 2017, 90 days after retained counsel's entry of appearance) expired before retained counsel filed his amended motion (on July 11, 2017, one hundred sixty-nine (169) days after entering his appearance for movant.);[7] and (4) Borschnack's initial *pro se* motion controlled, and since it contained only a legal conclusion as to "ineffective assistance of counsel," it was properly denied.

Borschnack fails to demonstrate that the motion court clearly erred in denying his Rule 29.15 motion, and his point is accordingly denied.[8] The motion court's judgment is affirmed.

WILLIAM W. FRANCIS, JR., J. - OPINION AUTHOR

NANCY STEFFEN RAHMEYER, P.J. - CONCURS

DANIEL E. SCOTT, J. - CONCURS AND FILES SEPARATE CONCURRING OPINION

---

[7] We observe that retained counsel did not have the benefit of more recent Supreme Court treatment on this issue at the time of the relevant proceedings below. Our Supreme Court addressed PCR abandonment and amended motion timeliness in five different hand-downs between retained counsel's entry of appearance and the motion court's first PCR judgment (January 2017—July 2018): ***Watson v. State***, 536 S.W.3d 716 (Mo. banc 2018); ***Bearden v. State***, 530 S.W.3d 504 (Mo. banc 2017); ***Gittemeier***, 527 S.W.3d at 64; ***Creighton***, 520 S.W.3d at 416; ***Hopkins***, 519 S.W.3d at 433. Two additional hand-downs followed in the next two months: ***Latham v. State***, 554 S.W.3d 397 (Mo. banc 2018); ***Milner v. State***, 551 S.W.3d 476 (Mo. banc 2018). To the extent our high court took seven such cases "because of the general interest or importance of a question of involved in the case or for the purpose of reexamining existing law," MO. CONST. art. V, § 10, *see also* Rules 83.02 & 83.04, it suggests some uncertainty in the law that might account for retained counsel's mistaken apprehension as to what was required under the abandonment doctrine.

[8] We observe that Borschnack raises no other challenges to the motion court's judgment on the merits.

12



# Missouri Court of Appeals

## Southern District

### Division One

BILLIE BORSCHNACK, )
)
           Appellant, )
)
    vs. )      No. SD36451
)      Filed: October 29, 2020
STATE OF MISSOURI, )
)
           Respondent. )

### CONCURRING OPINION

I concur, but look back to this case's first appeal, which was one of 55 reversals/remands to conduct or properly document abandonment inquiries, all on the heels of 29 others that Judge Bates collected in ***Williams v. State,*** 521 S.W.3d 612, 614-15 (Mo.App. 2016)(Bates, P.J., concurring).[1]  Our colleagues now repeatedly cite "the

---

[1] *See **Latham v. State**,* 554 S.W.3d 397 (Mo. banc 2018); ***Milner v. State**,* 551 S.W.3d 476 (Mo. banc 2018); ***Watson v. State**,* 536 S.W.3d 716 (Mo. banc 2018); ***Bearden v. State**,* 530 S.W.3d 504 (Mo. banc 2017); ***Showalter v. State**,* No. ED108085 (Mo.App. Sept. 15, 2020); ***Martin v. State**,* 606 S.W.3d 675 (Mo.App. 2020); ***Hatmon v. State**,* 603 S.W.3d 927 (Mo.App. 2020); ***Brown v. State**,* 602 S.W.3d 846 (Mo.App. 2020); ***McAllister v. State**,* 600 S.W.3d 300 (Mo.App. 2020); ***Robinson v. State**,* 592 S.W.3d 406 (Mo.App. 2020); ***Eckert v. State**,* 591 S.W.3d 903 (Mo.App. 2019); ***Harris v. State**,* 584 S.W.3d 795 (Mo.App. 2019); ***Brunnworth v. State**,* 583 S.W.3d 505 (Mo.App. 2019); ***Pickens v. State**,* 575 S.W.3d 795 (Mo.App. 2019); ***Pendleton v. State**,* 570 S.W.3d 658 (Mo.App. 2019); ***Barber v. State**,* 569 S.W.3d 556 (Mo.App. 2019); ***Borschnack v. State**,* 568 S.W.3d 914 (Mo.App. 2019); ***Slavens v. State**,* 568 S.W.3d 500 (Mo.App. 2019); ***Baker v. State**,* 565 S.W.3d 733 (Mo.App. 2018); ***Lampkin v. State**,* 560 S.W.3d 67 (Mo.App. 2018); ***Oliphant v. State**,* 557 S.W.3d 541 (Mo.App. 2018); ***White v. State**,* 555 S.W.3d 483 (Mo.App. 2018); ***Guerra-***

inconvenience abandonment issues are causing motion courts." *Showalter*, slip op. at 4; *McAllister*, 600 S.W.3d at 303; *Barber*, 569 S.W.3d at 561.  *See also* *Brown*, 602 S.W.3d at 851.

---

*Hernandez v. State*, 548 S.W.3d 368 (Mo.App. 2018); *Staten v. State*, 540 S.W.3d 873 (Mo.App. 2018); *Carter v. State*, 540 S.W.3d 506 (Mo.App. 2018); *Hougardy v. State*, 534 S.W.3d 874 (Mo.App. 2017); *Mitchell v. State*, 528 S.W.3d 454 (Mo.App. 2017); *Prine v. State*, 527 S.W.3d 930 (Mo.App. 2017); *Ross v. State*, 527 S.W.3d 116 (Mo.App. 2017); *Corwin v. State*, 525 S.W.3d 614 (Mo.App. 2017); *Southern v. State*, 522 S.W.3d 340 (Mo.App. 2017); *Yelton v. State*, 522 S.W.3d 285 (Mo.App. 2016); *Altic v. State*, 521 S.W.3d 615 (Mo.App. 2017); *Williams v. State*, 521 S.W.3d 612 (Mo.App. 2016); *Hewitt v. State*, 518 S.W.3d 227 (Mo.App. 2017); *Greer v. State*, 515 S.W.3d 831 (Mo.App. 2017); *Alexander v. State*, 515 S.W.3d 822 (Mo.App. 2017); *Hicks v. State*, 514 S.W.3d 118 (Mo.App. 2017); *Edwards v. State*, 514 S.W.3d 68 (Mo.App. 2017); *Coleman v. State*, 514 S.W.3d 66 (Mo.App. 2017); *Politte v. State*, 513 S.W.3d 387 (Mo.App. 2017); *Moxley v. State*, 512 S.W.3d 771 (Mo.App. 2017); *Rhodes v. State*, 512 S.W.3d 133 (Mo.App. 2017); *Rice v. State*, 512 S.W.3d 108 (Mo.App. 2017); *Graves v. State*, 512 S.W.3d 87 (Mo.App. 2017); *Stafford v. State*, 510 S.W.3d 906 (Mo.App. 2017); *Craigg v. State*, 510 S.W.3d 903 (Mo.App. 2017); *Ford v. State*, 510 S.W.3d 360 (Mo.App. 2017); *Norman v. State*, 509 S.W.3d 846 (Mo.App. 2017); *White v. State*, 505 S.W.3d 456 (Mo.App. 2016); *Usry v. State*, 504 S.W.3d 815 (Mo.App. 2016); *Williams v. State*, 503 S.W.3d 301 (Mo.App. 2016); *Williams v. State*, 501 S.W.3d 562 (Mo.App. 2016); *Price v. State*, 500 S.W.3d 324 (Mo.App. 2016); *Wilson v. State*, 495 S.W.3d 827 (Mo.App. 2016).

Judge Bates's earlier list, for the 16 months preceding *Williams*, included *Mahone v. State*, 504 S.W.3d 71 (Mo.App. 2016); *Hill v. State*, 499 S.W.3d 311 (Mo.App. 2016); *Williams v. State*, 494 S.W.3d 638 (Mo.App. 2016); *Huffman v. State*, 493 S.W.3d 892 (Mo.App. 2016); *Sayre v. State*, 493 S.W.3d 33 (Mo.App. 2016); *Johnson v. State*, 491 S.W.3d 310 (Mo.App. 2016); *Price v. State*, 489 S.W.3d 358 (Mo.App. 2016); *Wright v. State*, 488 S.W.3d 263 (Mo.App. 2016); *Patton v. State*, 488 S.W.3d 143 (Mo.App. 2016); *Richard v. State*, 487 S.W.3d 504 (Mo.App. 2016); *Wallace v. State*, 487 S.W.3d 62 (Mo.App. 2016); *Pulliam v. State*, 484 S.W.3d 877 (Mo.App. 2016); *Austin v. State*, 484 S.W.3d 830 (Mo.App. 2016); *Adams v. State*, 483 S.W.3d 480 (Mo.App. 2016); *Rice v. State*, 482 S.W.3d 464 (Mo.App. 2016); *Shields v. State*, 482 S.W.3d 461 (Mo.App. 2016); *Hendricks v. State*, 481 S.W.3d 600 (Mo.App. 2016); *Frazee v. State*, 480 S.W.3d 442 (Mo.App. 2016); *McCullough v. State*, 480 S.W.3d 439 (Mo.App. 2016); *Silver v. State*, 477 S.W.3d 697 (Mo.App. 2015); *James v. State*, 477 S.W.3d 190 (Mo.App. 2015); *Lewis v. State*, 476 S.W.3d 364 (Mo.App. 2015); *Hawkins v. State*, 476 S.W.3d 313 (Mo.App. 2015); *Mann v. State*, 475 S.W.3d 208 (Mo.App. 2015); *Harris v. State*, 474 S.W.3d 600 (Mo.App. 2015); *Roberts v. State*, 473 S.W.3d 672 (Mo.App. 2015); *Lomax v. State*, 471 S.W.3d 358 (Mo.App. 2015); *Gales v. State*, 470 S.W.3d 405 (Mo.App. 2015); and *Blackburn v. State*, 468 S.W.3d 910 (Mo.App. 2015).  *See Williams*, 521 S.W.3d at 614 n.1 (Bates, P.J. concurring).

2

These recurring problems cast considerable drag on the limited resources of public defenders, prosecutors, and courts.  Judge Bates floated various ideas in **Williams**, 521 S.W.3d at 614-15, and wondered whether Rules 24.035 and 29.15 "could be revised to better address the timeliness issue." **Id**. at 615.  Perhaps our judiciary should investigate such options.  As Judge Bates said: "We see this occur far too often, and no one is the better for it—not the courts, the lawyers, and certainly not the movants." **Id**.

DANIEL E. SCOTT – CONCURRING OPINION AUTHOR